# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1894.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. WILLIAM A. JOHNSTON, ⎫ Associate Justices.
Hon. STEPHEN H. ALLEN, ⎭

The Southern Kansas Railway Company et al. v. Aaron S. Drake.

*Injury to Employé—Assumption of Risk.* An employé possessed of full knowledge of the services to be performed by him, and of the dangers which they involve, who voluntarily accepts the employment, and continues in the service of the employer, will generally be held to have assumed the risk of the hazards of such service, and to have absolved his employer from liability for damages in case of injury. (*A. T. & S. F. Rld. Co. v. Schroeder*, 47 Kas. 315.)

*Error from Franklin District Court.*

AARON S. DRAKE was employed by the railroad company as a laborer, working about the shops, grounds and yards of the railroad company. On April 28, 1888, he and four other men were directed to unload rails from a push car, some of which were 30 feet long and some only 27 feet long. They selected a place for unloading the rails where there was a slope or ditch along the side of the track about 12 feet in width, and on the other side of which was a slight embank-

1—53 KAS.

ment about 20 inches in height. There had been a rain upon the previous day, and the ground was wet. The five men carried two of the rails which were 30 feet long and threw them upon the embankment. They carried a third rail, which was 27 feet long, and were proceeding to throw it upon the pile, when Drake lost his balance, was jerked or fell forward, thrown down, and the rail, rebounding, caught and crushed the ends of two of his fingers. He brought this action, alleging that the injury was occasioned by the negligence of the railroad companies, in failing to provide the requisite number of employés to safely and properly perform the work, the companies well knowing that such labor could not be performed, with safety to employés, with less than eight men; and he asked for judgment in the sum of $5,100. A trial was had with a jury, which returned a verdict in favor of Drake, assessing his damages at $150, and returning with it the following special findings of fact:

"1. Ques. What was the length and weight of the rail by which the plaintiff was injured? Ans. 27 feet long; weight, 504 pounds.

"2. Q. Before the men began to unload the iron at the place where the plaintiff was injured, did they look over the ground and discover that the sloping bank was damp and slippery, and did they conclude and agree among themselves that it would not be safe, while in the act of throwing a rail, to step upon or against the sloping bank? A. Yes.

"3. Q. Were not the men instructed by Charles Lockwood, who directed the work there, and were they not cautioned both by him and Mr. A. D. Bumps, one of their number, before the plaintiff was injured, not to step upon or against the sloping bank, when in the act of throwing the rail? A. They were.

"4. Q. Was this slope of the bank wet and slippery at the time plaintiff was injured? A. Yes.

"5. Q. Did the plaintiff set his foot upon or against the sloping bank when the rail by which he was injured was thrown? A. Yes; against.

"6. Q. Did the plaintiff's foot, when he set it against or upon the sloping bank, slip, and thereby cause him to fall as

the rail was thrown? A. We have no evidence of the slip causing him to fall.

"7. Q. Had the plaintiff, before he received the injury of which he complained, been engaged in the work of handling railroad iron and other material? If so, how much experience had he had in that kind of work? A. $2\frac{1}{2}$ years.

"8. Q. From his experience in handling railroad iron and other material, was he not capable of judging what would be a sufficient force of men to do the work he was engaged in at the time he was injured, with reasonable safety to the men so employed? A. Yes.

"9. Q. Did the defendants, or either of them, have greater knowledge than the plaintiff as to what constituted a sufficient force of men to do the work he was engaged in at the time he was injured, with reasonable safety to the men employed? A. Yes.

"10. Q. If you answer the last question in the affirmative, then state what officer, agent or employé of the defendants, or either of them, had a greater knowledge than the plaintiff upon that subject? A. Foreman Bumps.

"11. Q. If, in answer to the foregoing question, you name any person or persons, then state which of said defendant companies they were officers, agents or employés of. A. A. T. & S. F. and S. K. Rlys.

"12. Q. Did the other four men, with whom the plaintiff was working at the time of his injury, continue to do the same kind of work, at the same place, in the same manner, as the five men had been doing before—handling iron rails of as great weight as the one by which the plaintiff was injured, with safety to themselves, exercising ordinary care on their part? A. Jury cannot agree.

"13. Q. Was the place on which the rail was thrown, by which the plaintiff was injured, higher or lower than the rail was when in the hands of the men at the time they threw it? A. Lower."

After the special findings were returned into court, the defendants below requested the court to require the jury to answer the twelfth special question, which request was refused; and they also moved the court for judgment in their behalf upon the special findings returned. This motion was denied, and the defendants allege error.

*A. A. Hurd, Robert Dunlap,* and *W. Littlefield,* for plaintiffs in error:

Judgment should be rendered in favor of plaintiffs in error upon the special findings of the jury, because the defendant in error knew, prior to his injury, of the number of men required to do the work, and if the same was insufficient, he, without objection, undertook to do the work, and thereby assumed the risk.

For some months prior to the accident, the plaintiff had frequently done the same kind of work with the same number, and at times a less number, of men or colaborers. He had had some years' experience in this kind of work. If the number was insufficient, he was aware of that fact. The dangers attending upon it, if any, were open and obvious. The rule is well settled, that every employer has the right to judge for himself in what manner he will carry on his business, as between himself and his employés; and the servant, having knowledge of the mode and manner, must judge for himself whether he will enter the service, or, having entered, whether he will remain; and if there be danger by reason of the force being insufficient, and the servant is aware of the insufficiency of the force, if he voluntarily continues to do the work, with or without objection, he assumes the risks of danger incident to the mode and manner in which the work is being done, and of such dangers as may arise by reason of the force being insufficient. See *A. T. & S. F. Rld. Co. v. Schroeder,* 47 Kas. 315, 323.

See, also, *T. & P. Rld. Co. v. Rogers,* 57 Fed. Rep. 378, 381; *T. & P. Rld. Co. v. Minnick,* 57 id. 362; *Louisville &c. Rld. Co. v. Corps,* 24 N. E. Rep. 1046; *St. L. A. & T. Rly. Co. v. Lemon,* 18 S. W. Rep. 331; *C. & East Ill. Rly. Co. v. Geary,* 17 Am. & Eng. Rld. Cas. 606; *M. R. Rld. Co. v. Barber,* 5 Ohio St. 501; *McGlynn v. Brodie,* 31 Cal. 376, 382; *Kelley v. C. M. & St. P. Rld. Co.,* 5 Am. & Eng. Rld. Cas. 469; *Rush v. Mo. Pac. Rly. Co.,* 36 Kas. 136, 137; *S. K. Rly. Co. v. Moore,* 49 id. 616; *U. P. Rly. Co. v. Monden,*

50 id. 539, 552; *Wilson v. Tremont Mills*, 34 N. E. Rep. 90; *Hewitt v. Flint &c. Rld. Co.*, 31 Am. & Eng. Rld. Cas. 260; *Smith v. W. & St. P. Rld. Co.*, 41 id. 289; *Goltz v. M. L. S. & W. Rld. Co.*, 41 id. 282; *O'Rourke v. U. P. Rly. Co.*, 18 id. 19; *Bradshaw v. L. & N. Rld. Co.*, 21 S. W. Rep. 346; *Songstad v. Burlington &c. Rld. Co.*, 38 Am. & Eng. Rld. Cas. 211, 214; *Bengston v. Chicago &c. Rld. Co.*, 50 N. W. Rep. 531; *Larson v. St. Paul &c. Rld. Co.*, 44 Am. & Eng. Rld. Cas. 529; *Michael v. Stanley*, 23 Atl. Rep. 1094; *Appel v. Buffalo &c. Rld. Co.*, 19 N. E. Rep. 93; *Fordyce v. Stafford*, 22 S. W. Rep. 161.

*C. B. Mason*, and *J. W. Deford*, for defendant in error:

The fact that plaintiff had done "similar work" is not material. He had never before done just such a job as this. His experience in other similar jobs was of no benefit in this one. The work was, of course, somewhat dangerous; but it was possible to do it, by the exercise of great care and with good luck, without injury. It was not so palpably hazardous that none but a reckless man would have engaged in it. If the foreman had been there at his post of duty, doing his duty, it very probably would not have resulted as it did. Under these conditions, Drake was entitled to recover. This is well settled. Shearm. & Red. Neg. 123; *Clarke v. Holmes*, 7 H. & N. 937; *Laning v. Railroad Co.*, 49 N. Y. 541. *Thorpe v. Railroad Co.*, 89 Mo., 691, is in point, fully discusses the whole subject, and answers, in fact, the entire argument of plaintiffs in error. See, also, *Patterson v. Railroad Co.*, 71 Pa. St. 389; 18 Am. Rep. 412; *H. & St. J. Rld. Co. v. Fox*, 31 Kas. 594; *A. T. & S. F. Rld. Co. v. Holt*, 29 id. 152; *Harriman v. Railroad Co.*, 27 Mo. App. 435.

The opinion of the court was delivered by

JOHNSTON, J.: There is but little room for dispute as to the cause of the injury for which a recovery is sought, and the findings of fact as returned by the jury, when considered in connection with the previous rulings of this court, clearly

point to the judgment that must be rendered. No negligence is imputed to any of the employés of the railway company who were assisting Drake in unloading rails from the push car, but the contention is, that the injury resulted from the failure of the company to provide a sufficient number of men to perform that kind of work with reasonable safety. Assuming, as we may, that the company had not provided a sufficient number of persons to perform the labor safely, still we cannot overlook the fact that Drake was fully acquainted with all the hazards incident to the employment, and chose to accept and continue in the performance of such work with full knowledge of all the dangers connected with it. The work of unloading rails from a push car required no special skill, and involved no perils except such as are obvious to every one. Drake, as we have seen, had been engaged in that kind of labor for $2\frac{1}{2}$ years, and had performed similar work with the same or a less number of men. He claimed that it required eight men to safely do that kind of work, and a greater number than five had previously been employed by the company; but for several months before the accident the crew consisted of only five men, and work of the character in question had sometimes been performed by four of them. He continued in the service of the company long after the force at work in the yard was reduced, and if the number employed was insufficient to perform the work, he was aware of that fact. The foreman was not present at the time of the accident, and the jury have said that he had a greater knowledge than Drake as to what constituted a sufficient force of men; but that is immaterial, as the jury have found that Drake himself was capable of judging as to what number would be a sufficient force of men to do the work he was engaged in at the time he was injured, with reasonable safety to the men employed.

The place for unloading the rails was selected by the men, and before any rails were unloaded attention was called to the character of the place and to the condition of the ground. On account of rain on the previous night, the bank upon

which the rails were to be thrown was in a slippery condition, and, after being cautioned by one of the men, all agreed that it would be unsafe to step upon or against the bank while they were unloading the rails. Notwithstanding this warning and agreement, Drake set his foot against the bank, slipped, and fell, and the result of the fall was the pinching of his fingers. Strangely enough, the jury said that there was no evidence to show that the slip caused him to fall, but, in view of the facts found and conceded, this finding is unimportant. He rests his case wholly upon the failure of the company to furnish sufficient help. He was an experienced man, of full age, capable of judging what number of employés was necessary to safely do the work, and if there was an insufficient number, he knew that as well as the company knew it. The work was simple, and the risks and dangers were obvious. Possessed of a knowledge of the men employed, the manner in which the work was to be done, and the hazards which it involved, hé voluntarily accepted employment, and continued in the service of the company, and must be deemed to have assumed the risks incident to such service. We only follow in the path of authority in holding that an employé, by voluntarily remaining in the service, with full knowl-

Injury to employé—assumption of risk. edge of the dangers of the service, assumes the risks of such dangers, and absolves the employer

from liability for damages in case of injury. The facts in this case bring it within the rule of *A. T. & S. F. Rld. Co. v. Schroeder*, 47 Kas. 315, and cases there cited. In that case, the injury was alleged to have resulted from a failure of the railroad company to furnish sufficient help to perform the duties of the employé, and it was there said that while

"It is the duty of an employer, whether a railroad company or other corporation or person, to make the work of his or its employés as safe as it is reasonably practicable; yet when the employé, with full knowledge of all the dangers incident to or connected with the employment as it is conducted, accepts the employment, or, having accepted the same, continues in it with such full knowledge, and without any promise on the part of the employer, or any reason to expect

on the part of the employé, that the employment will be made less dangerous, the employé assumes all the risks and hazards of the employment."

See, also, *Rush v. Mo. Pac. Rly. Co.*, 36 Kas. 129; *Clark v. Mo. Pac. Rly. Co.*, 48 id. 654; *S. K. Rly. Co. v. Moore*, 49 id. 616; *U. R. Rly. Co. v. Monden*, 50 id. 552; *Railway Co. v. Corps*, 24 N. E. Rep. 1046; *Railroad Co. v. Rogers*, 57 Fed. Rep. 378; *Railway Co. v. Lemon*, 18 S. W. Rep. 331; *Railroad Co. v. Barber*, 5 Ohio St. 501; *Kelly v. Railroad Co.*, 5 Am. & Eng. Rld. Cas. 649; *Smith v. Railroad Co.*, 41 id. 289; *Crown v. Orr*, 35 N. E. Rep. 648.

Under the rule of these authorities, the facts show no right of recovery in Drake, and hence the judgment must be reversed, and the cause remanded, with instructions to enter judgment upon the findings in favor of the plaintiffs in error.

All the Justices concurring.