## ST. LOUIS & S. F. R. CO. v. RUSHING et al.

No. 1250. Opinion Filed January 9, 1912.

(120 Pac. 973.)

1. **MASTER AND SERVANT—Injuries to Servant—Actions—Presumptions.** The fact of accident carries with it no presumption of negligence on the part of the employer; and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence.

2. **NEGLIGENCE—Burden of Proof—Nature and Scope in General.** A plaintiff in a civil case is not required to prove his case beyond a doubt. All that the plaintiff upon this branch of his case is required to do is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause.

3. **MASTER AND SERVANT—Injuries to Servant—Appliances—Railway Tracks.** The duty of the master to exercise ordinary care to keep its tracks in a reasonably safe condition in so far as it affects the safety of its servants engaged in operating its trains is nondelegable, and where it is averred and proven that the master, a railway company, negligently permitted its roadbed and tracks to become so defective as to cause the engine and tender of one of its trains to break apart, thereby injuring the servant, it is liable in damages to him or to his legal representatives, if the injury resulted in death. The servant is not charged with the duty of inspection. He is entitled to rely upon the assumption that the master has performed its duty, and that the track is reasonably safe for use.

4. **APPEAL AND ERROR—Review—Harmless Error.** The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

5. **CONSTITUTIONAL LAW—Construction—Retroactive Operation.** Section 1 of the Schedule does not exempt an action for damages

St. Louis & S. F. R. Co. v. Rushing et al.

for personal injuries commenced subsequent to statehood, although the injury was inflicted prior thereto, from the operation of section 19, art. 2, of the Constitution, which provides: "The right of trial by jury shall be and remain inviolate and a jury for the trial of civil * * * cases in courts of record, other than county court, shall consist of twelve men. * * * In civil cases, * * * three-fourths of the whole number of jurors concurring shall have power to render a verdict."

(Syllabus by the Court.)

*Error from District Court, Bryan County;*

*D. A. Richardson, Judge.*

Action of Mary Rushing, for herself and as next friend of Ivy Roy Rushing, a minor, against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt, T. G. Chambers,* and *John G. Egan,* for plaintiff in error.

*Utterback & Hayes, W. W. Wilkins, Randell & Randell,* and *Wm. A. Vinson,* for defendants in error.

KANE, J. This was an action commenced by the defendants in error Mary Rushing, for herself and as next friend of Ivy Roy Rushing, a minor, against the plaintiff in error, to recover damages for personal injuries resulting in death inflicted upon Zachariah Rushing, the husband of Mary Rushing, and father of Ivy Roy Rushing, who at the time of the injury was in the employ of the defendant as a locomotive fireman. After the issues were joined, there was a trial to a jury, which returned a verdict in favor of the plaintiffs, upon which judgment was duly entered, to reverse which the proceeding in error was commenced.

The petition alleged, in substance, that the deceased came to his death by the negligence and want of ordinary care of the defendant, in that it permitted its roadbed and track, including the ties and rails at the point of the accident, to become old, worn, rotten, uneven, out of place, and out of joint to the extent that at the place where the accident occurred, which was upgrade in the direction the train was going and on a curve, the coupling apparatus and the belongings and appurtenances constituting the

coupling apparatus between the engine and tender broke, causing the engine and tender to separate; that, when said engine and tender separated, said decedent was thrown upon the track between said engine and tender, and was run over and killed by the tender and cars composing the balance of the train. Counsel for plaintiff in error present their contentions in their brief under several subheads, which may be epitomized as follows: (1) It was error for the court below to refuse to instruct the jury to return a verdict for the defendant upon the evidence adduced. (2) The court erred in refusing certain instructions requested by the defendant and in its general charge to the jury. (3) That it was error for the court below to instruct the jury that a verdict might be rendered by three-fourths of their number, and in accepting the verdict concurred in by eleven members of the jury, and entering judgment.

The first contention of counsel for the defendant is based upon the theory that, notwithstanding the evidence shows that there were low joints and rotten ties in the track at the point where the accident occurred, and that such defects were liable to cause the fastenings between the engine and tender to break, the plaintiffs were not entitled to recover, because the evidence of the experts offered by the defendant was to the effect that there were no joints to exceed an inch and a half out of line, and that the track must get out of line considerably more than that before sufficient strain would be put upon the couplings between the engine and tender to cause the same to break. They say in their brief that "in order to make a case to go to the jury on the points, the plaintiff should have been required to show, not only that the track was uneven, but that it was uneven to such a degree as to endanger the pin and safety chains"; that "the question here is, how rough must a track be to give rise to the danger of breaking the coupling pin?"

In *Solts v. Southwestern Cotton Oil Company,* 28 Okla. 115 Pac. 776, the court quoted with approval from *Patton v. Texas, etc., R. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, to the following effect:

"The fact of accident carries with it no presumption of negligence on the part of the employer; and it is an affirmative fact for the injured employe to establish that the employer has been guilty of negligence.   *   *   *   It is not sufficient for the employe to show that the employer may have been guilty of negligence.   The evidence must point to the fact that he was."

That, unquestionably, is the correct rule in actions of this kind.  We think, however, that the plaintiffs have brought themselves within the rule.  The evidence conclusively shows that a rough, uneven track with low joints, on an upgrade and on a curve, would constitute a reasonable explanation of what caused the fastenings between the engine and tender to break.  All of these conditions were shown to exist, and the railroad company, which could have thrown light on the cause of the accident, if it was not one toward which the evidence of the plaintiffs was directed, did not attempt to do so.  We think with the foregoing facts established, even if the evidence of the experts as to how much the track would have to be out of line before it became dangerous was correct, it would be a fair inference from the evidence that they were mistaken as to how much the track really was out of line, and that, notwithstanding their testimony on that point, it was out of line sufficient to cause the accident.  Especially is this true where, as in this case, no inflexible mechanical test was applied to determine the exact condition of the track, but the evidence of the experts was all based upon a view of the track from the rear end of an observation car as the train passed over it at a high rate of speed.

The case of *Griffin, Admr, v. Boston & Albany R. R. Co.*, 148 Mass. 143, 19 N. E. 166, 1 L. R. A. 698, 12 Am. St. Rep. 526, is in point on the question now under discussion.  In that case the decedent came to his death by the spreading of a coupling link between two cars, causing the train to separate, the rear section running over him.  Plaintiff did not offer, or claim to have, any evidence of negligence on the part of the defendant in not supplying the road with proper materials, except the above, tending to show the manner in which the rear portion of the train became detached, and the broken condition in which the appa-

ratus for keeping the cars attached was found immediately after the occurrence of the accident. It was held that the plaintiff was entitled to go to the jury both upon the question of the defendant's negligence and upon that of the intestate's due care. Allen, J., who delivered the opinion of the court, said:

"In the present case, upon the plaintiff's offer of proof, it is obviously possible that the injury may have sprung either wholly or partly from the defendant's negligence, or from some cause independent of any negligence for which the defendant would be responsible to the plaintiff. But a plaintiff in a civil case is not required to prove his case beyond a doubt. All that the plaintiff upon this branch of his case was required to do was to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause. * * * The separation of a train in consequence of the spreading of a link, where nothing further appears, is more naturally to be attributed to an imperfection or defect in the link than to any other cause. Ordinarily such separation would not happen if the link was sound and suitable for use. If the link was not sound and suitable for use, the fact of its being used in that condition properly calls for explanation from the defendant; and, if under such circumstances the defendant fails to put in any evidence, some inference against it may be drawn therefrom. The fact may be susceptible of an explanation sufficient to exonerate the defendant. But in the absence of such explanation we think the jury might properly infer negligence on the part of the defendant. Primarily in such case one may properly look to the railroad company itself, whose duty it is to use reasonable care to provide safe instruments and means for operating the railroad. In the absence of any explanation by the company, it is more probable that the separation of the train was from a cause for which it would be responsible than that it was from a cause for which it would not be responsible."

In *McCray v. Galveston, Harrisburg & San Antonio Railway Co.*, 89 Tex. 168, 34 S. W. 95, it was held that:

"When a servant sues his employer for damages arising from injuries caused by the negligence of the latter, the plaintiff must prove the negligence of the defendant, and proof of the accident and injury alone will not be sufficient to authorize a recovery. But the circumstances attending the injury may, without any direct evidence, be sufficient to establish the fact of negligence."

It was also held, quoting approvingly from *Scott v. Railway*, 3 Hurl. & Col. (Exch.) 594, that:

"There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant, or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The principal complaints against the instructions given are: (1) That they failed to state, if there was a defect of the kind and character referred to in the roadbed, the defendant must have had knowledge of same, or that it must have existed for such a reasonable length of time that the railroad must be presumed to have had knowledge of such defect, and (2) the instructions of the court to the jury on the question of assumption of risk were conflicting and misleading. These contentions cannot be sustained. The duty of the master to exercise ordinary care to keep its track in a reasonably safe condition in so far as it affects the safety of its servants engaged in operating its trains is nondelegable, and where it is averred and proven that the master, a railway company, negligently permitted its roadbed and tracks to become so defective as to cause the engine and tender of one of its trains to break apart, thereby injuring the servant, it is liable in damages to him or to his legal representatives, if the injury resulted in death. The servant is not charged with the duty of inspection. He is entitled to rely upon the assumption that the master has performed its duty, and that the track is reasonably safe for use. *Union Pacific Ry. Co. v. O'Brien*, 161 U. S. 451, 16 Sup. Ct. 618, 40 L. Ed. 766; *Gleeson v. Virginia M. R. Co.*, 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458; *Hough v. Railway Co.*, 100 U. S. 213, 25 L. Ed. 612; *Railway Co. v. Leverett*, 48 Ark. 333, 3 S. W. 50, 3 Am. St. Rep. 230.

We think the general charge of the court to the jury stated the law of the case with substantial accuracy. It is true the instructions given did not present the defendant's side of the case in as favorable an aspect or with as much particularity as to de-

tails as the instructions requested, but a party to a civil action is not entitled to have his instructions to the jury couched in any particular language or in great detail. In the case at bar the issues of law and fact involved are few and simple, and we think the court stated the law applicable to the facts with sufficient particularity to enable the jury fully to understand the questions they were called upon to decide.

Moreover, it is not every error of the class now under discussion that will entitle the losing party to a reversal. Section 5680, Comp. Laws 1909, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

On the next proposition, counsel for defendant contend that the accident occurred prior to statehood, and under the laws in force at that time the defendant was entitled to a jury of twelve, and a unanimous verdict, which right was preserved by the Enabling Act and the Schedule to the Constitution. It is true the accident occurred prior to statehood, but, as the action was not commenced until a considerable time thereafter, the rule laid down in *Independent Cotton Oil Co. v. Beacham, infra,* 120 Pac. 969 is applicable here. In that case it was held that:

"Section 1 of the Schedule does not exempt an action for damages for personal injuries commenced subsequent to statehood, although the injury was inflicted prior thereto, from the operation of　*　*　*　section 19, art. 2, of the Constitution, which provides: 'A jury for the trial of civil　*　*　* cases consist of twelve men.　*　*　* in Civil cases　*　*　* three-fourths of the whole number of jurors concurring shall have power to render a verdict.' "

On oral argument the decision of the court in the Beacham case on this point was vigorously assailed, but we believe the conclusion reached by the court is supported by the authorities cited in support thereof, and, as the reasoning of those cases is satisfactory to us, we are disposed to sustain our former opinion. In addition to the authorities cited in the Beacham case, *supra,*

counsel for defendants in error call our attention to *Gabbert v. C., R. I. & P. Ry. Co.,* 171 Mo. 84, 70 S. W. 891, and *Franklin v. St. L. & M. R. R. Co.,* 188 Mo. 533, 87 S. W. 930, which seem to be in point to the same effect.

Finding no error in the record, the judgment of the court below must be affirmed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.