## GULF, COLO. & SANTA FE RY. CO. et al. v. SCROGGINS.

No. 20329.　Opinion Filed Jan. 31, 1933.

Rainey, Flynn, Green & Anderson, for plaintiffs in error.

Homer L. Hurt, for defendant in error.

WELCH, J. This was an action for damages for personal injury brought by Mack Scroggins against the Gulf Colorado & Santa Fe Railway Company, a corporation, and J. S. Lackey. The cause is conceded by the parties to be brought under, and to be governed by, the provisions of the Federal Employers' Liability Act. There is little or no conflict in that portion of the testimony material to the decision here. The plaintiff, Scroggins, was employed as a section hand at Wynnewood, Okla., where the defendant Lackey was section foreman. On the day in question the section crew, including Scroggins, and Lackey, section foreman, and other members of the crew, engaged at Wynnewood in loading certain steel rails on to a coal car; they were scrap rails theretofore broken or damaged in use; they were of varying lengths and weights, some were broken, some bent, twisted and crooked. The method of loading was from a push car into the end of the coal car, with four men in the coal car using tongs

and other members of the section crew on the ground or push car. With the end of the coal car let down, the men on the ground lifted the end of the steel rail on to the coal car, whereupon the men working in the coal car took hold of the rail with tongs and walked over the rails already loaded, dragging the rail then being loaded to its position on the load, the men on the ground further assisting by pushing on the rail being loaded. The coal car arrived in Wynnewood that day already partially loaded with similar scrap rails, and was stopped there for this additional loading.

Mack Scroggins was one of the four men working in the coal car, and the loading at Wynnewood was nearly completed when he fell while dragging a rail into the coal car over the other rails already there. This particular rail had been dragged more than half the length of the coal car before Scroggins fell. According to his own testimony the cause of the fall was that his foot slipped on a rail, or between the rails, or a rail turned, or something happened under his feet, he did not know just what, nor did any other witness. Scroggins had worked at similar loading of such scrap rails a few times prior to this occasion.

After the fall, which occurred near the middle of the forenoon, Scroggins stated he was hurt, worked the balance of that day, all the next day, and started to work the following day, but quit, went to see a doctor, and thence to the hospital for railway employees, where he was operated on for "inguinal hernia," remained in the hospital about 30 days, and remained out of work about three months. Scroggins contended he was unable to work during those three months, and that he had not been able to do hard work or heavy work since.

The plaintiff below, Scroggins, contends that the fall caused his injury; that the fall was caused by the negligence of the railway company in failing to provide him a safe place to work; that his injury caused permanent partial disability to work, and that his suffering and loss of time at work and permanent partial disability to work resulted from such injury caused by such negligence of the railway company.

Plaintiff, Scroggins, contends that this was not the ordinary way of transporting scrap rails, in that in this instance a coal car was used when a flat car should have been used. There was some evidence that flat cars had been and could be so used; there was also evidence that coal cars had often been so used. No evidence whatever was offered to show that there would be less hazard or danger in loading scrap rails

on flat cars, or why it would be safer. We are asked by the defendant in error, Scroggins, to say, from common knowledge and experience, that transportation of scrap rails in flat cars, and loading scrap rails in flat cars, would be safer than in coal cars, but this we are unable to do. It is clear that coal cars were used before, and that the defendant in error, Mack Scroggins, himself had knowledge of such use, and of the method and manner of loading scrap rails at the time he assisted in the loading of scrap rails in this case. When this coal car arrived in Wynnewood partially loaded with scrap rails, some of which were broken, some bent, some crooked, and when the defendant, Scroggins, went into the car to load scrap rails there at Wynnewood he must have observed whatever hazardous condition then existed in the partial load of rails, and as he and his coworkers dragged and loaded the rails into the car over and upon the scrap rails already loaded in the car, he must have observed their condition, and in changing the condition in the load which he was helping to make, it seems clear, from his own testimony, that he must have observed, and did know and appreciate, whatever risk and hazard there was in walking over the loaded rails and dragging and loading the other rails thereon.

We think nothing could more clearly establish the defense of assumption of the risk as known at common law.

The case of Chicago, R. I. & P. Ry. Co. v. Jackson, 61 Okla. 146, 160 P. 736, is of special interest. There the employee, Jackson, sued for damages for personal injury received while loading scrap rails on a flat car. One of the bent or crooked rails when loaded from the side of the car rebounded and struck the employee. This was caused by the bent and crooked condition of the rail. The employee contended there should have been stakes set to prevent such rebounding of the rail as caused his injury. This court said the plaintiff, Jackson, must fail because the facts clearly showed an assumption of the risk; that the circumstances permit of but one conclusion, and that in such case the question of assumption of risk is one of law for the court and not the jury. The verdict and judgment for the plaintiff Jackson was set aside.

The views herein expressed are in keeping with many decisions of this court and the courts of last resort of our sister states. In the early case of Southern Kan. Ry. Co. v. Drake, 53 Kan. 1, 35 P. 825, the employee, Drake, sued for personal injury received while unloading steel rails from a push car, claiming negligence in furnishing five men

to handle the rails when eight should have been furnished. One rail thrown upon the pile theretofore unloaded rebounded, struck, and injured Drake. Judgment in his favor was set aside upon the ground the risk was assumed. The court there said:

"We only follow in the path of authority in holding that an employee, by voluntarily remaining in the service, with full knowledge * * * of the service, assumes the risks of such dangers, and absolves the employer from * * * damages, in case of injury."

In St. L. & S. F. Ry. Co. v. Snowden, 48 Okla. 116, 149 P. 1083, the employee. Snowden, sued for personal injury received while unloading freight Judgment in his favor was set aside by this court in keeping with this rule of assumption of risk. In that case this court found the rule to be that where it is not contended the carrier violated some provision of statute enacted for the safety of its employees, and where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, the question whether the employee assumed the risk becomes one of law for the determination of the court, and the submission of such question by the court to the determination of the jury is erroneous, and cited 12 Cyc. 1479; Southern Pac. Ry. Co. v. Seley, 152 U. S. 145, 38 L. Ed. 391; Burke v. Union Coal & Coke Co., 157 Fed. 178, 84 C. C. A. 626.

Actionable negligence in such case as this is said to exist: (1) When there exists a duty on the part of the employer to the employee; (2) which it failed to perform; (3) and from which failure it proximately resulted that plaintiff was injured. The absence of any one of these elements renders the evidence insufficient upon which to predicate a judgment against the employer.

In this case, the employer, railway company, owed no specific duty to the employee in reference to the condition of the partial load of rails, which condition the employee helped to make and which condition was within plain sight and readily apparent in all its detail.

We conclude that the evidence in this case fails to show any actionable negligence, and it is shown that the risk was assumed by the plaintiff below, Mack Scroggins, and that such assumption of risk under the evidence in this case was a question of law, and that the trial court erred in overruling the demurrer of the defendant, railway company, to the evidence, and erred in sustaining the jury verdict and in rendering judgment for the plaintiff.

For error pointed out, this cause is reversed and remanded, with instructions to dismiss the same.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. OSBORN, J., absent and not participating.

Note.—See under (1) annotation in 47 L. R. A. (N. S.) 62; L. R. A. 1915C, 69; 12 A. L. R. 701; 36 A. L. R. 918; 18 R. C. L. 830; R. C. L. Perm. Supp. p. 4520. (2) 20 R. C. L. 11; R. C. L. Perm. Supp. p. 4802; R. C. L. Pocket Part, title "Negligence," § 7.