## MUNROE, Adm'x, v. SCHOENFELD & HUNTER DRILLING CO. et al.

No. 26730.   Oct. 20, 1936.

Rehearing Denied Nov. 10, 1936.

150

O. A. Cargill and W. R. Graalman, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, for defendants in error.

BAYLESS, J. Esther Munroe, administratrix of the estate of George A. Munroe, Jr., deceased, sued Schoenfeld & Hunter, a co-partnership, et al., in the district court of Oklahoma county for damages for the death of the decedent attributed to the negligence of the defendants. The trial court sustained a demurrer to plaintiff's evidence, and this appeal followed.

The following is a summary of the plaintiff's evidence. Munroe was foreman on the 6 a. m. to 12 noon shift of employees engaged in drilling well of defendants. The floor of the derrick was about two or three steps above the level of the earth. There was a wooden runway or walk extending north from the derrick floor. The runway was level with the derrick floor, but the height from the earth increased as it extended, until the north end was about five feet above the earth. There were no steps or stairway to the earth, they having been omitted by instructions of defendants. It is the custom of the business to have steps at the far end of such runways where the height from the earth justifies. November 15, 1933, Munroe quit work at noon, went to a tool house adjacent to the derrick and changed clothes, and then proceeded upon the runway to the north end, where his automobile was parked, and jumped off to the earth. He was immediately seized by pains in his left side, and 15 days thereafter died from a ruptured abscess on the brain. Medical proof was that the abscess existed before the 15th of November and was not caused by the jump. Whether the rupture or break was caused by the jump was uncertain. This aspect of the case is immaterial, since the case turns upon the question of negligence and its causal connection with the jump.

It is our opinion the trial court did not err when it sustained the demurrer to the plaintiff's evidence.

The evidence of the custom of building such steps did not go to the extent of showing that their existence was a matter of mere convenience or of safety. For the purposes of this case we will assume that without the steps the runway was an unsafe place to work, and therefore negligence on the part of defendant.

Does it follow, therefore, that this was the cause of Munroe's injury? We cannot say so. There were other ways of leaving the runway. The choice of a place to park his car was his. The choice of routes to the car was his. The act of jumping was his.

In the case of Gulf, C. & S. F. Ry. Co. v. Scroggins, 161 Okla. 294, 18 P. (2d) 873, we said:

"Actionable negligence in such cases as this is said to exist: (1) When there exists a duty on the part of the employer to the employee; (2) which it failed to perform; (3) and from which failure it proximately resulted that plaintiff was injured. The absence on any one of these elements renders the evidence insufficient upon which to predicate a judgment against the employer."

The third element enumerated above is that of proximate cause. The test to be applied to this is well stated under the heading Master and Servant, in 39 C. J., sec. 558, p. 445 et seq., as follows:

"The proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnished a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

We believe, in the light of such a test as applied to the fact situation in this case, that even if the omission to furnish these steps was negligence, the subsequent and independent act of the employee was the proximate cause of his injury.

Judgment affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.