**Fred A. OSBORN, Jr., Plaintiff in Error,**

v.

**Fred A. OSBORN, Sr., Defendant in Error.**

**No. 38623.**

Supreme Court of Oklahoma.

March 29, 1960.

Rehearing Denied June 7, 1960.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Jack B. Sellers, Drumright, for defendant in error.

PER CURIAM.

The parties will be referred to herein as they appeared in the trial court which is in reverse order to their appearance here.

In this action plaintiff seeks to recover damages for personal injuries sustained while assisting defendant in extricating the latter's automobile from mud in which the right rear wheel thereof had mired.

1

Plaintiff and defendant are father and son. As of date of accident defendant resided with plaintiff. On said date, defendant invited his father to accompany him to the post office which was a short distance from their home. The weather was inclement. Snow, which had been falling for several hours, covered the ground to a depth of 6 to 8 inches. There was a strong wind and it was cold. Defendant's automobile had been parked in the driveway to the home throughout the night preceding the morning that the accident occurred. The windows to the automobile were covered with frost and snow, none of which was removed before starting the planned trip.

In attempting to drive his automobile to the south down the driveway of the home in order to reach the street adjacent to the home, defendant drove in such a manner that the right rear wheel of the automobile passed to the right of a culvert which had been constructed near the point where the driveway entered upon the right-of-way to the street. The wheel became mired in the mud. Defendant attempted to extricate the automobile by rocking it (driving it forward and backward) without success. Without defendant requesting plaintiff's assistance, plaintiff got out of the automobile, closed the right front door, and began pushing on the right rear door handle of the automobile. His efforts were of no avail. Plaintiff saw a board lying near the automobile and concluded that if he were to insert the board under the mired wheel that it would possibly supply needed traction and serve to free the wheel from the mud. While engaged in placing the board under the wheel, or shortly after the board had been placed under the wheel, defendant who had continued to rock the automobile, accelerated the motor in order to drive the automobile forward. The board apparently furnished the needed traction and the automobile moved rather violently forward and onto the driveway. As a result, the board so placed under the wheel or the wheel of the automobile struck and injured plaintiff's left foot. The injury and complication attributable to diabetes made it necessary to amputate plaintiff's foot.

The testimony shows that plaintiff and defendant did not have a conversation relative to the actions that plaintiff would take in assisting defendant out of the mud. It appears that defendant knew that plaintiff at one time was pushing on the automobile near the right side thereof, but there is no evidence that defendant knew that plaintiff was attempting to place a board under the right rear wheel or had placed the board under said wheel. Defendant only learned of the latter fact after the accident occurred. Defendant testified that he thought that plaintiff had taken a safe position after he ceased to push on the automobile. While plaintiff testified that immediately after he placed the board under the wheel, he told his son to rock the automobile, the windows of the automobile were up and it is not contended that defendant in fact heard plaintiff's statements.

At the close of the plaintiff's case in chief, defendant interposed a demurrer which was not sustained. At the close of the trial, defendant moved for a directed verdict which motion was denied.

The case was tried to a jury. The jury's verdict and judgment thereon was for plaintiff. From order of trial court denying defendant's motion for new trial, defendant appeals.

The defendant contends that the evidence fails to disclose primary negligence on his part and that the trial court erred in giving instructions based upon statutory rules of the road. In view of our decision hereon, we will only consider the first referred-to contention.

In our opinion, the facts wholly fail to show that the accident resulted from defendant's negligence. In Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P.2d 750, 753, the Court said:

"In O'Neil v. Vie, 94 Okl. 68, 220 P. 853, this court said: 'Negligence must be shown by evidence, and the evidence, to justify a finding of neg-

ligence, must show a breach of duty on the part of the defendant such that a reasonable person should have foreseen would as a natural consequence cause an injury, not necessarily would probably cause an injury in the sense of more likely to cause an injury than not, but the likelihood must be such that a reasonable person could foresee that injury would result in the ordinary course of things. A mere possibility of the injury is not sufficient, where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results.' "

There is a marked similarity in the facts presented by Phillips v. Ashby, Ark., 320 S.W.2d 260, 262, and the facts presented by the instant case. In the cited case the plaintiff voluntarily undertook to assist the operator of a truck in extricating same from a mudhole. Negligence on the truck driver's part was predicated upon the proposition that while plaintiff was engaged in pushing on the truck, the driver thereof accelerated the motor causing the truck to suddenly move forward which either caused plaintiff to fall or caused some portion of the truck to strike him. The truck driver testified that he was not aware of plaintiff's presence near the truck. In holding that the truck driver was not negligent, the Supreme Court of Arkansas pointed out that "common experience teaches that to get out of a mud hole, it is necessary to accelerate the engine. Additional power is needed. The method used by Allbritton would seem to be the usual method of those engaged in extricating a vehicle from mud and slime, i. e., rocking back and forth, and accelerating the motor in an attempt to get sufficient momentum to come out of the hole. Of course, once the wheels get free of the mud and hit firm ground, the vehicle moves at a faster pace. We find no evidence that appellants' driver committed any unusual act which would result in taking appellee by surprise, and

thus occasion the injuries complained of." The Court also said this:

"(1, 2) We are unable, from the record, to find any negligence on the part of Allbritton, and of course, such negligence must be shown before Ashby is entitled to recover. The testimony of all parties reflects that the wrecker was driven straight ahead when coming out of the mud hole, and it seems remarkable that the vehicle, with its wheels spinning in slick gumbo mud, did not slide sideways more than six inches. Admittedly, appellee took up his position of his own accord, without any direction from the driver, and in fact, the undisputed evidence shows that no request for help was made. * * *"

In our opinion the trial court erred in not sustaining defendant's motion for a directed verdict. This is said in the fifth paragraph of the syllabus to Sears, Roebuck & Co. v. Skeen, 207 Okl. 180, 248 P. 2d 582, 583:

"Where no evidence is submitted in the trial of a personal injury action for damages to establish primary negligence on the part of the defendant, it is the duty of the trial court to sustain a demurrer to the plaintiff's evidence or direct a verdict for the defendant."

Reversed with directions to enter judgment for defendant.

The Court acknowledges the aid of the Supernumerary Judge, N. S. Corn, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.