**C. G. MYERS, Plaintiff in Error,**

v.

**S. B. LUTTRELL, Defendant in Error.**

**No. 38976.**

Supreme Court of Oklahoma.

Oct. 17, 1961.

Rehearing Denied May 15, 1962.
Application for Leave to File Second

Petition for Rehearing Denied
July 10, 1962.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Brown, Brown & Brown, McAlester, for defendant in error.

PER CURIAM.

This is an appeal by C. G. Myers (defendant below) from a judgment on jury verdict in favor of S. B. Luttrell (plaintiff below) in an action to recover for personal injury sustained while working for defendant. The parties will be referred to as they appeared in the lower court.

Plaintiff alleged in his petition that on January 28, 1958, he was an employee of defendant for the doing of farm work and was furnished a tractor with trailer to haul water to a hog lot; that the battery would not start the motor and that the carburetor was clogged and the ignition points and spark plugs were burned, causing the motor to misfire, and it was necessary to pull or crank the tractor to start it; that the engine would not idle and it was necessary to leave the engine running while opening and closing gates; that he stopped the tractor and left the engine running and dismounted to close a gate when the vibration of the engine caused or allowed the transmission to mesh whereby the tractor was put in motion and the plaintiff was run over and injured. It was further alleged that the condition of the tractor was well known to defendant and that it was the duty of defendant to furnish plaintiff with reasonably safe, secure and suitable tools and equipment; that the plaintiff was without fault and that his injuries were the proximate result of defendant's negligence and carelessness. Plaintiff prayed for damages for impairment of earning capacity, pain and suffering and medical and hospital expense in the total sum of $59,800.

Defendant's answer denied any defective condition in the tractor, but if same was defective then plaintiff was well aware of such condition and experienced in the work and assumed all risks incident thereto; that plaintiff was guilty of contributory negligence.

The jury returned a verdict in favor of plaintiff for $15,000, and defendant has perfected his appeal to this court.

Plaintiff testified he had lived on defendant's farm for about 8 years on a share crop basis and that defendant "furnished the equipment, gas, oil and seed and kept the equipment up;" that he occasionally did other work for defendant and was paid by the hour; and was so engaged in caring for defendant's hogs at the time of the accident. Plaintiff further testified defendant bought the tractor in 1954 and that he had used it since that time; that he told defendant the battery was down about a month before the accident and defendant promised to get a

battery; that the tractor engine had been "missing" for about two weeks. He also testified that he drove the tractor and trailer through the gate and stopped, put it in neutral, did not set the brake, left the engine running, and stepped to the ground, when the tractor moved forward and the left rear wheel passed over his body, causing his injury. He testified the tractor had never done this before and to his knowledge had not happened since.

Plaintiff's witness, Mr. C, testified he was a farmer and had personal experience of a tractor meshing into gear after it was left idling without the clutch in. The make of tractor was not stated nor was there any description of the circumstances sufficient to make a comparison with the instant situation.

Plaintiff's expert witness, Mr. E, was propounded a lengthy hypothetical question and his opinion asked as to why the tractor meshed into gear and moved forward. In this question the language descriptive of one of plaintiff's acts, prior to stepping from the tractor, is that he moved the gear shift lever "into what he thought was neutral position." His answer in effect was that vibration could cause the gears to mesh. From our careful examination of this witness's testimony we are of the opinion that the answer was based on the assumption or hypothesis that the shift lever was between the notches of in gear position and the neutral position and consequently could vibrate into either position, but more likely into gear position.

Defendant's testimony was that he had no knowledge prior to the accident that the engine was missing or had any defect, or that the battery was dead; that the day after the accident the tractor ran and idled all right.

Defendant contends that there is no evidence of negligence on the part of the defendant which is the proximate cause of the accident.

The only evidence tending to show that any defect in the tractor was known to de-fendant is with regard to the battery. This defect required the tractor to be started by pulling or cranking. The testimony of plaintiff is that he pulled it on the morning of the accident and cranked it in the afternoon in order to start the engine. The tractor was left running while plaintiff got down to open and close the gate. We fail to see how the battery was a causal factor of the accident. The fact that the battery was weak or run down was in legal effect a condition and not the cause of the accident.

In Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045, 1046, we held that the maintenance of a runway extending from a derrick without the customary steps was not the proximate cause of injury to a workman who jumped down from the runway. Therein we quoted with approval as follows:

"'The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury.'"

The decision also states:

"We believe, in the light of such a test as applied to the fact situation in this case, that, even if the omission to furnish these steps was negligence, the subsequent and independent act of the employee was the proximate cause of his injury."

The mere fact that a servant was injured does not establish even prima facie the negligence of or breach of duty by the master. Patrick's, Inc. v. Mosseriano, Okl., 292 P.2d 1003; St. Louis & S. F. R. Co. v. Rushing, 31 Okl. 231, 120 P. 973.

The defendant employer does not occupy the position of an insurer. Patrick's, Inc. v. Mosseriano, supra. Under

the provisions of 40 O.S.1951 § 178, the master's liability for injuries suffered by the employee is based on the negligence of the master.

■ In our opinion the evidence wholly fails to show that the accident resulted from defendant's negligence. In Osborn v. Osborn, Okl., 353 P.2d 1, 2, this court stated:

" 'In O'Neil v. Vie, 94 Okl. 68, 220 P. 853, this court said: "Negligence must be shown by evidence, and the evidence, to justify a finding of negligence, must show a breach of duty on the part of the defendant such that a reasonable person should have foreseen would as a natural consequence cause an injury, not necessarily would probably cause an injury in the sense of more likely to cause an injury than not, but the likelihood must be such that a reasonable person could foresee that injury would result in the ordinary course of things. A mere possibility of the injury is not sufficient, where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results." ' "

■ Where the circumstances are not sufficient to remove the case from the realm of conjecture and place it within the field of legitimate inferences from established facts a prima facie case for submission to the jury is not made out. Sanders v. Mc-Michael, 200 Okl. 501, 197 P.2d 280.

■ It is our opinion that the plaintiff did not meet the burden that was upon him to show negligence on the part of defendant.

The judgment is reversed with directions to the trial court to enter judgment for the defendant.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., and WELCH, J., dissent.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

WELCH, Justice (dissenting).

I cannot escape the conclusion that there were questions of fact to be decided, and the force thereof to be evaluated and applied, by the jury.

The case was presented to the jury on adequate instructions which fairly submitted the contentions of both parties, nothing to the contrary is shown or stated on that point. The jury returned their verdict and it was approved by the trial court.

Upon our review and on applicable law, and upon the purported facts as presented by the evidence, I think the judgment, based on the verdict, should be affirmed.