May Term,
1855.

HUNTER
v.
THE STATE.

</div>

---

## HUNTER v. THE STATE.

An appeal cannot be taken from the judgment of a Court imposing a penalty for a contempt, unless the appeal is specially authorized by statute.

There is no statute in force in this state which allows an appeal in such cases, unless, possibly, a statute in relation to an appeal by attorneys; and that seems not to be in existence.

*Semble*, that, in the absence of any special statutory provision, the modes of redressing the parties' own wrongs and punishing the inflictors of them, in cases of contempt, are, 1. By *habeas corpus*, in which a void commit-

May Term,
1855.

HUNTER
v.
THE STATE.

Monday,
June 11.

ment for a contempt will be disregarded, and the party discharged from custody.  2. By impeachment of the judges wrongfully exercising the power.  3. Perhaps by civil suit against those concerned in inflicting the wrong.

APPEAL from the *Lawrence* Court of Common Pleas. PERKINS, J. — Contempt of Court. Defendant fined. Appeal to this Court.

The bill of exceptions states the case thus: "Be it remembered that *Lewis Rodgers*, having been duly sworn, stated to the Court, on an examination in order to purge himself of a contempt of said Court, for not appearing at the last term of said Court to testify in certain cases therein pending, for maintaining a nuisance and for retailing, against said *John Hunter* and others, that said *Hunter* told witness not to come to Court; that if he was fined for not attending, it should not cost him anything; that said *Hunter* told him, witness, to keep out of the way; that if witness came to Court, he, said *Hunter*, would have him put in jail; that said *Hunter* told witness to leave the county; and that the statements made by said *Hunter* to him induced said witness to stay away from said Court, at the last term thereof.  And the said *Hunter*, being in Court at the time, the Court asked him what he had to say about the matter.  Said *Hunter* answered that he did not know that said witness was a witness against him, but did not admit or deny the statement made by the witness, *Rodgers;* and the Court having assessed a fine of 50 dollars against said *Hunter*, for contempt of Court in thus attempting to keep said witness, *Rodgers*, from attending said Court to testify against said *Hunter* in the aforesaid cases, the defendant, by his counsel, excepts," &c.

The appellant objects to the fine inflicted upon him, and to the mode in which he was prosecuted.

But a preliminary question arises as to the right of appeal to another tribunal in a case of contempt.

In 1822 the point was before this Court for adjudication, in the case of *The State* v. *Tipton*, 1 Blackf. 166, and in giving their decision the Court say: "It is the opinion of this Court, that in these cases we have no jurisdiction.

Courts of record have exclusive control over charges for contempt; and their conviction or acquittal is final and conclusive. This great power is entrusted to these tribunals of justice, for the support and preservation of their respectability and independence; it has existed from the earliest period to which the annals of jurisprudence extend; and, except in a few cases of party violence, it has been sanctioned and established by the experience of ages. *The Lord Mayor of London's case*, 3 Wils. 188.— Opinion of C. J. *Kent*, in the case of *Yates*, 4 Johns. R. 354.—*Johnston* v. *The Commonwealth*, 1 Bibb 598." ·

But in 1843 the legislature enacted, (sec. 114, R. S., p. 664,) that—

"In all proceedings against an attorney and counsellor at law, wherein a judgment of any kind for a contempt or official malconduct shall be rendered against him, he may prosecute an appeal or writ of-error to the Supreme Court of the state, subject to the same regulations and restrictions as are provided in regard to actions at law." See *Ingle* v. *The State*, 8 Blackf. 574.

And in 1848 a case occurred which occasioned the giving of a construction to this section of the statute by the Supreme Court. The construction was, that the section applied only to cases where a lawyer had "been adjudged guilty of a contempt for some misconduct in his office." The Court add: "In the present case, the party's offence related not to any official act, but to his conduct as a witness;" and say that they have no jurisdiction in cases of that kind, citing *The State* v. *Tipton, supra.*—*Lockwood* v. *The State*, 1 Ind. R. 161.

Were the foregoing statutory provision still in force, therefore, as it applies to attorneys alone, it would not save the case now before us; but even the existence of that provision is doubtful. We have looked, with some care, through the statutes of 1852, and can find no section specially authorizing an appeal in cases of contempt, and the general provision authorizing appeals in all suits, &c., is not construed to embrace this class of cases, for we had such a provision when the decisions in 1822 and in 1848,

above cited, were made; and, further, a writ of error is a writ of right at common law, except in capital cases, in *England* those of treason and felony; Petersdorff, vol. 9, p. 3; and, hence, was always demandable in this state, prior to the late code, in cases where such a writ would lie, as the common law has at all times been in force here since 1807, modified in some particulars, it is true, but in none affecting the right to a writ of error.

Without the aid of a special statutory provision, the modes of redressing the parties' own wrongs and punishing the inflictors of them, in cases of contempt, would seem to be, 1. By *habeas corpus*, in which a void commitment for contempt will be disregarded, and the party discharged from custody. *Ex parte Alexander*, 2 Am. Law Register, 44.— *Cyrus Wilson's case*, 53 Eng. Com. Law Rep., 984. 2. By impeachment of the judges wrongfully exercising the power. Case of the impeachment of the judges of the Supreme Court of *Pennsylvania* in 1807, reported by *William Hamilton*, and that of judge *Peck* by the *United States* house of representatives in 1831, reported by *Arthur J. Stansbury*, in which cases the law on the subject of contempts of court is most thoroughly discussed and fully presented. 3. Perhaps by civil suit against those concerned in inflicting the wrong.

The appeal in this case must be dismissed for want of jurisdiction, and without costs.

*Per Curiam.*—The appeal is dismissed.

*S. W. Short, H. C. Newcomb* and *J. S. Harvey*, for the appellant.

*D. C. Chipman* and *J. W. Gordon*, for the state.