## STATE *ex rel.* CHAPPELL *vs.* GILES.

APPEAL FROM CIRCUIT COURT, JEFFERSON COUNTY.

Heard August 28, 1859.]                    [Decided December 14, 1859.

### *Contempt—Assistance, writ of—Practice.*

In general, no appeal will lie to this court, upon a conviction for contempt; but section 13, chap. 155, R. S. 1858, has excepted a sheriff from this rule.

Where a sheriff had in his hands a writ of assistance, lawfully issued, to execute, he cannot excuse himself from its execution, because the defendant, in the writ, claims to hold the possession under a party having a title older than the title of the claimant in the writ.

This was a proceeding in the Circuit Court of Jefferson county, at the February term, A. D. 1859, instituted by the respondent as relator, to punish the appellant for a contempt of court, in neglecting to execute a writ of assistance, issued by the clerk of the court, and delivered to Ernest Off, the under sheriff of the appellant; and was based upon the affidavits of H. Mulberger, and J. J. Enos, attorneys for Chappell; and upon the relation, an attachment was issued and served by the coroner, and the appellant, being in custody, answered interrogatories which were propounded to him. The facts of those answers and defence appear by the opinion of the court, as also the order convicting the sheriff of contempt.

*Williams & Leonard* and *C. R. Gill,* for the appellant.

*Enos, Hall & Mulberger,* for the respondent.

*By the Court,* PAINE, J.    This is an appeal from an order of the Circuit Court of Jefferson county, by which the sheriff was adjudged guilty of a contempt, for not executing a writ of assistance, and fined ten dollars and costs.    The general rule in relation to convictions for contempt is, that there is no appeal.    But there is a very clear distinction between those

proceedings for contempt which are merely in the nature of civil remedies, for the benefit of the party injured, and those aimed at conduct which tends directly to interrupt the proceedings and impair the authority of the court. In respect to the latter, it is essential to the very object of granting the power to punish for contempt, that it should not be subject to appeal. *Vilas & Platt vs. Burton et al.*, 27 Verm., 56; *Hunter vs. The State*, 6 Ind., 423; *Ex parte Alexander*, 2 Am. Law Register, 44; *The State vs. Tipton*, 1 Black., 166; *Ex parte Kearney*, 7 Wheat., 38; *Lockwood vs. State*, 1 Carter, Ind., 161. Such being the general rule, the order in this case would not be appealable without an express statutory provision. But our statute has so far excepted the proceeding against a sheriff for neglecting to execute process, from the general rule, as to make orders therein appealable. § 115, chap. 13, R. S. 1858. It will therefore be necessary to examine this order upon the merits.

The material facts appearing from the affidavits and answer of the sheriff to the interrogatories on the attachment, are these: In the suit of *Chappell vs. Cooley and others*, a judgment of foreclosure has been rendered, and the premises sold and bid in by Chappell. A deed was executed to him as purchaser, and he then, by his agent, demanded of Cooley the possession of the premises, which was refused, Cooley being the mortgagor and principal defendant, and being in possession at the time. A writ of assistance was then procured, and delivered to one of the sheriff's deputies. Proceedings on the writ were stayed by several orders, which were successively vacated; and the deputy went to the premises and still found Cooley in possession. Cooley went out, and came back with Chadwick, who then set up the claim of ownership, under a sale in proceedings, to enforce a mechanic's lien, accruing prior to the mortgage; and that Cooley was in possession under him, as his tenant at will. Chad

wick was not made a party to the foreclosure suit; and upon this state of facts, the officer declined to execute the writ, for the reason, as the sheriff states in his answer, that it might occasion a " breach of the peace, and the perpetration of a great outrage, under the forms of law, upon the rights of the said David S. Chadwick."

The counsel for the appellant urged upon us, with much force, the general principle, that judgments do not affect the rights of those not parties, and that it would be great injustice to have the writ of assistance executed here, against Chadwick, who was not a party to the foreclosure suit, and who claimed under a prior and paramount title. And in support of this position, he referred us to *Pelletreau vs. Frelinghuysen et al.*, 4 Paige, 204 ; *Van Hood vs. Throckmorton*, 8 Paige, 33 ; *Boynton vs. Jackway*, 10 id., 307 ; *Miller vs. Estell*, 8 Yerg., 452 ; Littel, 304.

These authorities undoubtedly establish the doctrine, that when it appears to the court, on an application for a writ of assistance, that a person is in possession, who was not a party to the suit, and claims, not under a party after suit commenced, but under an adverse title, the court should refuse the writ; because such an adverse claim should not be tried upon such a summary proceeding. But we think this rule does not reach the question presented here. Whether a court should issue a writ in such a case, is one question; but whether, being issued and placed in the hands of an officer, he can institute an inquiry into the rights of various parties who may claim to be in possession, and execute or refuse to execute his writ, according to his decision upon the facts, is entirely a different question; and we do not think he has any such right. If the court ought not to determine upon adverse claims, upon an application for the writ, surely the officer ought not to determine them, after the writ is issued. Such determination is no part of his function. His duty is to ex-

ecute his writ, if issued by competent authority; and precisely because that is his duty, and because he has no power or right to inquire into the propriety of issuing it, such a writ constitutes a complete protection to the ministerial officer. If his writ is issued by a tribunal having jurisdiction of the subject matter, as was the case here, and be not void on its face, he is bound to execute it, unless its execution is stayed by some appropriate proceeding; and he is not the tribunal to apply to for that purpose. It would be utterly subversive of all system and propriety in the conduct of legal proceedings, to allow an officer to institute such inquiries, and act or not act as he might find the fact to be. It would be transferring to him the functions of the tribunal whose decisions he is to execute, and not to question or review. If writs are sometimes issued improvidently, and if parties occupying such a position that their possession ought not to be interfered with by such writs, may be obliged to suffer a temporary inconvenience in some cases, it is much better that this should occur, than that the officer should be allowed to adjudicate upon the matter. Such parties would generally have an opportunity to obtain an appropriate remedy before being disturbed in their possession; but if not, they could obtain it afterwards. The officer is not to furnish it. Suppose a writ of replevin placed in a sheriff's hands, and when he comes to the defendant and finds the goods with him, the latter presently calls in a third party, who sets up that the goods belong to him, and that the defendant is only holding them as his agent; would this be an excuse for the sheriff for refusing to serve the writ? Clearly not. If proceeded against for a conempt, would it be a good answer for him to offer affidavits showing that the goods really belonged to such third party, and then to say that he neglected to execute the writ, for fear that he might be " perpetrating an outrage upon his rights, under the forms of law"? No one would pretend it.

State ex rel. Chappell vs. Giles.

And we think the question here is in principle the same. Officers should not in such cases take upon themselves the responsibility of adjudicating upon the rights of parties, and then attempting to excuse themselves from not acting, by setting up those rights. They are not to be determined in that way. We think upon this broad ground the order appealed from must be affirmed. And we think the facts in this case peculiarly illustrate the correctness of this rule ; for here Cooley, the mortgagor, and principal defendant in the suit, was in actual possession, not only when the writ issued, but after the officer arrived at the premises to execute it. And certainly it cannot be allowed that in such a case the officer is to stop proceedings, as soon as such a defendant goes out and calls a third party, who comes and sets up that the defendant is in under him. Such a proceeding looks like collusion, on its face. Secret or private arrangements between a defendant in possesion and another, by which the character of the possession is changed, are not to be inquired into by an officer who comes with his writ and finds the defendant in possession. And if it was not proper for him to make such an inquiry, and act upon it, then it is not proper to make it as a defence in this proceeding, whatever the fact may be.

The order appealed from is affirmed, with costs.

DIXON, C. J., took no part in the decision of this case, as the same was tried before him, at the Circuit.