## MUSKOGEE TRANSFER & STORAGE CO. v. WARD.

No. 20057.   Opinion Filed June 23, 1931.

Eck E. Brook and Leahy & Brewster, for plaintiff in error.

Eakes & Robinson, for defendant in error.

LESTER, C. J. The parties appear on appeal in the reverse order to that in the district court, and will be referred to as they appeared there.

The plaintiff below brought an action against the defendant below alleging negligence of the defendant in striking and injuring the plaintiff in the operation of a moving automobile used by the defendant to haul furniture and household goods. Trial was had to the court and jury and a verdict was rendered by the jury in favor of the defendant. The plaintiff filed a motion for new trial. The court granted a new trial on account of

having given instruction No. 4. From the action of the court in granting a new trial, the defendant appeals.

Both parties to the appeal agree that the question presented to the trial court for a new trial was a question of unmixed law, and likewise the same question is here presented.

Instruction No. 4, given to the jury by the court and by it carried to the jury room, is as follows:

"You are further instructed that the city ordinances of the city of Muskogee in force on the 24th day of December, 1926, and fixing the mutual rights of the parties to this action, and especially the duties of pedestrians in using and crossing the streets in question, provided as follows: 'The roadways of streets and other highways are primarily intended for vehicles; but pedestrians have the right to cross them at intersections in safety.' And further provided that: "Pedestrians, when crossing a street, shall not carelessly * * * interfere with the passage of vehicles.' And further that: 'Pedestrians shall not walk across streets except at crossings.' And you are further told that under these ordinances the motor truck of the defendant had the right of way at the crossing of Twenty-First and Tennyson streets, provided the driver thereof had given the signals and warnings required by the city ordinances, as hereinbefore set out, of his intention to turn and had made such turn into Twenty-First street in conformity with said ordinances—but if you shall find that plaintiff was south of the line of the sidewalk intersection of Twenty-First street, then said truck had the right of way regardless of whether or not the driver had given any warning or signals of his intention to turn into said street.

"In this connection you are further told that the drivers of all motor vehicles in the city of Muskogee have the right to expect, and act in reliance upon the expectation, that all pedestrians using the street will act in conformity with said ordinances and rules therein laid down, and that the failure on the part of any pedestrian in crossing any street to conform to said rules and ordinances in so doing, or in violation thereof, is, as a matter of law, negligence—and no pedestrian injured by a motor vehicle in the street while violating or acting in disregard of said rules and ordinances, shall be permitted to recover for such injury, where such conduct and violation of ordinances on his own part proximately caused or contributed to the accident and his injuries."

The court below in its journal entry granting a new trial made the following finding:

"This cause came on for hearing on this, the 11th day of July, 1928, on the motion of

the plaintiff for a new trial herein, and both sides appeared by their respective counsel of record and announced ready for hearing—and the court being advised upon said motion, is of the opinion and finds that instruction No. 4, as given by the court on the trial herein, and in the written form in which it went with the jury to their jury room, was erroneous in this: That it is stated in said instruction as follows:

" 'But if you shall find that plaintiff was south of the line of the sidewalk intersection of Twenty-First street, then said truck had the right of way regardless of whether or not the driver had given any warning or signals of his intention to turn into said street,' and that this instruction was erroneous in this form, in that it strictly confined the plaintiff in crossing the street to the extended lines of the sidewalk intersection as a compliance with the city ordinance which was quoted just above said language in said instruction No. 4.

"The record is further made to show in this connection, however, that this instruction was read to the jury by the court from a first draft thereof, which had been much interlined by the court with pen and ink in his own handwriting, and that the form as read by the court to the jury was in language as follows in the beginning of the clause quoted.

" 'But, if you shall find that plaintiff was substantially south of the line * * *' and that when these instructions were read to the jury, the court (in order to make it clear to the jury that the plaintiff was not confined to the strict extended sidewalk lines) stopped in his reading and by explanatory parol statement called the attention of the jury to the use of the words 'substantially south of the line,' and further told them that the plaintiff had the right to vary reasonably from these lines without violating the ordinance and without impairment of his rights, and that the matter of what would be a reasonable variation therefrom would be a question of fact for them.

"However, the court further finds that after this instruction had been so read and such comment made, and while the case was being argued by counsel, a clean typographical copy of this instruction was made and sent to the jury room in the form as now appears in the record, and that the word 'substantially' was by typographical error entirely omitted from the instruction as same was received by the jury in their jury room, and that this instruction in its erroneous form was with the jury and in their jury room during all the time of their deliberations.

"The court is of opinion and holds that the omission of this word 'substantially' made this instruction fatally erroneous, and that this error was not cured by any other instruction in the case—and, further, that the court is not permitted to speculate to the effect that the jury probably remembered the instruction as read, and did not themselves read the instruction in their jury room, nor can the court presume that prejudice did not result from this error.

"The court is of opinion and holds that no other substantial or reversible error was committed in the giving of instructions, or in the conduct of the trial herein, and all other grounds of the motion of the plaintiff for a new trial herein would be by the court overruled and a new trial by the court denied except for the error above set out in said instruction No. 4'—and to this statement and opinion of the court, the plaintiff excepts, and the exception is allowed.

"It is, therefore, ordered and adjudged by the court, on the ground and for the sole error above set out, and as a pure and unmixed question of law and not on account of the exercise of discretion, that the verdict of the jury and the judgment of the court thereon of the date the 7th day of June, 1928, be and the same are hereby set aside and held for naught and a new trial is granted the plaintiff herein—to all of which order and judgment of the court the defendant excepts. * * *"

The respective rights and duty of the parties were very largely to be 'determined by the place and location of each at the time of the accident.

That part of the court's instructions which were delivered to the jury and carried by them into the jury room was as follows:

"But, if you shall find that plaintiff was south of the line of the sidewalk intersection of Twenty-First street, then said truck had the right of way regardless of whether or not the driver had given any warning or signals of his intention to turn into said street."

The trial judge in his findings stated that when he read his instructions to the jury from the bench, he used the word "substantially" just before the word "south," thus modifying the word "south," but that when instruction No. 4 was delivered to the jury in the jury room, the word "substantially" was left out, and therefore, under said instructions, if the plaintiff was just immediately south of the intersection, the defendant would owe no duty to give any signal of intention to turn into the said street where plaintiff was injured.

An instruction may not be entirely correct or sufficiently plain to justify the granting of a new trial, but if the error involved a vital turning point in the case, it is not harmless, but may be highly prejudicial, suf-

ficiently so to authorize the court in granting a new trial, and oftentimes the trial judge is in a better position than a court of review to determine when an erroneous instruction has been highly prejudicial to the rights of a party. Clearly, the two instructions were susceptible of being highly contradictory. The instructions of the court upon the vital turning point of the case should be clear and free from contradiction.

In the case of First National Bank of Mounds v. Cox, 83 Okla. 1, 200 Pac. 238, this court said:

"It is the duty of a trial court to give, upon his own motion, proper instructions substantially covering the issues and the evidence produced at the trial of any cause, and it is fundamental error for it to fail so to do; and so when an inconsistent instruction has been given, and after an examination of the entire record, this court finds that there is a probability that the giving of said inconsistent instruction has probably resulted in a miscarriage of justice, this court will reverse the cause and grant a new trial."

Judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.