## PAPPE v. LAW et al.

No. 22632.   Sept. 11, 1934.

Brownlee & Blaine, for plaintiff in error.

J. T. Wishard, for defendants in error.

PER CURIAM. This is an action for damages by plaintiff below, plaintiff in error here, against Henry Law, sheriff, and Fidelity & Deposit Company of Maryland, a corporation, surety on the bond of Henry Law, sheriff, defendants in error here, defendants below.

The substance of the allegations of the petition are as follows: That the plaintiff filed action for foreclosure of real estate mortgage in district court of Blaine county, in cause No. 3777, against Fannie Nicholson, Isaac Curry, Addie Curry, Moses Eaves, and Catherine Eaves, as defendants, in which the order of confirmation of sale of real estate upon order of sale in foreclosure directed the clerk of the court to issue to the sheriff a writ of assistance to put the purchaser in possession of the real estate therein described; that the defendant Henry Law, sheriff, refused to execute the writ and demanded an indemnity bond; that such bond was executed and tendered, but approval was refused; that action of mandamus was instituted to compel execution of writ in case No. 4508, The State of Oklahoma on the relation of Louise Pappe, Plaintiff, v. Henry J. Law, Sheriff of Blaine County, Oklahoma, Defendant, in the district court of Blaine county, in which alternative writ of mandamus was issued, and upon return to which, and upon the trial of the issues made by the writ and return, a peremptory writ of mandamus was issued, directing the execution of writ of assistance in case No. 3777, upon the filing and approval of the bond tendered prior the institution of the mandamus action; that an attorney's fee of $250 and the sum of $81.24, expenses, were incurred in obtaining the mandamus; that plaintiff was damaged in that amount; that failure to execute the writ of assistance was a breach of the official bond of defendant Henry Law, as sheriff; that defendant surety company was surety on said sheriff's bond, and each of said defendants was liable for said damages.

Defendant Law filed separate answer, denying each and every material allegation of the petition, except such as were admitted; admitted that he was the sheriff of Blaine county and that Fidelity & Deposit Company of Maryland, a corporation, was surety on his official bond as such sheriff.

Defendant Fidelity & Deposit Company of Maryland, a corporation, filed separate answer, denying each and every material allegation of the petition, except such as were admitted; admitted defendant Law was sheriff and that it was surety on his official bond; alleged that by the terms of the bond, it was not liable for the acts alleged in the petition, and that the facts alleged did not constitute a cause of action.

The cause was tried to a jury, and at the close of the plaintiff's evidence the court sustained the demurrer to the evidence, withdrew the case from the jury, dismissed the action, with prejudice, at plaintiff's cost. To all of which plaintiff objected and excepted.

Motion for new trial was filed and overruled; exception being reserved by plaintiff. Plaintiff perfected appeal and the cause is properly before this court for determination.

The principal question to be determined upon the appeal is whether the sheriff had a right to demand an indemnity bond before executing the writ of assistance in case No. 3777, and whether the trial court in cause No. 4508 had the right in granting the peremptory writ of mandamus to require the giving of an indemnity bond.

Section 670, C. O. S. 1921, 423, O. S. 1931, provides that in the order confirming the sale of real estate upon order of sale in foreclosure, the court may direct the clerk to issue a writ of assistance to place the purchaser in full possession of the premises. Upon confirmation defendant cannot retry the title. That had been determined by the judgment of foreclosure. It is res adjudicata. If defendant cannot retry it, the sheriff cannot do so, as was attempted in the mandamus action. In the mandamus action the only question that should have been determined was, Had the writ of assistance been executed? In case No. 3777 the writ of assistance was directed against the original defendants in the action. The sheriff attempted to defend in their behalf in case No. 4508 by alleging that Moses and Cather-

ine Eaves were owners of an undivided one-half interest in the title to the real estate, and were prevented from defending by deception of plaintiff. This he could not do. Moses and Catherine Eaves were bound by the default judgment and estopped thereby. Herr v. Sullivan (Colo.) 56 P. 175; State ex rel. Chappell v. Giles, 10 Wis. 101; Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 P. 138; U. S. Smelt. Co. v. McGuire, 123 Okla. 272, 253 P. 79; Olentine v. Alberty, 82 Okla. 9, 198 P. 296.

The only section of the statute authorizing the sheriff to demand an indemnity bond before levying an execution is section 699, C. O. S. 1921, 446, O. S. 1931. It only authorized an indemnity bond in case of levy or sale of goods and chattels claimed by any person other than the defendant. It is not applicable to a writ of assistance. There is no other section of the statutes auhorizing an indemnity bond in case of a writ of assistance.

The right to the possession of the property had been determined by the order of confirmation of sale and the ordering of the issuance of the writ of assistance. Fowler v. Pillsbury General Hospital, 102 Okla. 203, 229 P. 442.

The writ being regular upon its face is sufficient protection to the officer in its execution. Kniseley v. Ham, 39 Okla. 623, 136 P. 447, 49 L. R. A. (N. S.) 770; Symons v. Hutchinson, Sheriff, 119 Wash. 430, 205 P. 1057; Burnham et al. v. Stone et al., 101 Cal. 164, 35 P. 627; Magnaud v. Traeger, Sheriff, 66 Cal. App. 526, 226 P. 990. The sheriff cannot set himself up as a court of review to determine the legality and validity of a writ regular upon its face. He is a ministerial, not a judicial, officer, and must execute all orders or process of the court regular and valid upon its face. First National Bank of Marysville v. McCoy, Sheriff (Cal. App.) 297 P. 571; Burlingame v. Traeger, 101 Cal. 365, 281 P. 1051, 1052.

The sheriff in the mandamus action could not collaterally attack the judgment in the foreclosure action, as that judgment was res adjudicata as to all facts that were pleaded, or could have been pleaded. Baker v. Vader, 83 Okla. 140, 200 P. 994; Fulsom v. Mason et al., 107 Okla. 70, 229 P. 1072; Gregg v. Seawell, 85 Okla. 88, 204 P. 908; and is the law of the case until reversed on appeal; Lind v. Goble, 117 Okla. 195, 246 P. 472; Dupree v. Jordan, 123 Okla. 91, 252 P. 67; Nolan v. Jackson, 107 Okla. 163, 231 P.

525. The only inquiry allowed on collateral attack is as to the jurisdiction of the court, not whether it was properly exercised or the judgment erroneous. Miller v. Madigan, 90 Okla. 17, 215 P. 742. The judgment and order of confirmation in No. 3777 was a bar to any future action between the same parties or their privies after it became final. Nye v. Prairie Oil & Gas Co. et al., 105 Okla. 104, 238 P. 962.

When the sheriff refused to execute the writ of assistance and demanded an indemnity bond, he became liable for all damages as a result thereof. Tubiola v. Baker, 225 App. Div. 420, 233 N. Y. S. 373; sec. 880, C. O. S. 1921, 68 O. S. 1931; sec. 5907, C. O. S. 1921, 7641, O. S. 1931; 35 Cyc. 35, pp. 1629, 1630.

The defense of the defendants in error to the claim for damages was that the court, in the mandamus action, having granted the peremptory writ upon the filing and approval of the bond and the attorney's fees and expenses in the mandamus action having accrued prior to the filing and approval of the bond, plaintiff's petition did not allege or state a cause of action. Defendants in error in their brief do not cite any statutes or authorities in support of such contention. The trial court also entertained that view of the case, or it would not have sustained the demurrer to plaintiff's evidence. In this the court was in error. The petition stated and the evidence established a cause of action in favor of the plaintiff in error. The sheriff had no legal right to demand an indemnity bond before executing the writ of assistance. The court in the mandamus action had no power or authority to require an indemnity bond as a condition precedent to the granting of the peremptory writ of mandamus requiring the sheriff to execute the writ of assistance. That part of its judgment was in excess of its jurisdiction and should be rejected as surplusage, allowing the remainder to stand as legal and valid. Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981; Roth v. Union Nat. Bank, 58 Okla. 604, 160 P. 505; United States v. Ward, 257 F. 376.

Plaintiff was entitled to recover damages upon the failure and refusal of the sheriff to execute the writ of assistance. Section 577, C. O. S. 1921, 390, O. S. 1931; section 5969, C. O. S. 1921, 9956, O. S. 1931.

The only question that should have been submitted to the jury was the amount of

damages plaintiff was entitled to recover, and it was error for the court to take the case from the jury.

For the reasons herein stated, this cause is reversed and remanded to the lower court, with directions to set aside the judgment therein rendered and reinstate the case and grant plaintiff in error a new trial.

The Supreme Court acknowledges the aid of Attorneys Cornelius Hardy, V. R. Biggers, and Frank L. Warren in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hardy, and approved by Mr. Biggers and Mr. Warren, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.