### CRAIG v. WRIGHT.

No. 22551.   Oct. 16, 1934.

H. Z. Wedgwood and C. B. Wood, for plaintiff in error.

Ira A. Hill and A. O. Manning, for defendant in error.

PER CURIAM. This action is one for libel based upon an article published by defendant in error, E. D. Wright, in the Fairview Republican, a weekly newspaper issued at Fairview, Major county, Okla. Prior to the publication complained of, E. D. Wright had been prosecuted under the compulsory school laws in the county court of Major county for failure to comply therewith in regard to the education of his eight year old daughter. Plaintiff in error, Sylvester C. Craig, had appeared in that proceeding as a witness for the prosecution. Following a conviction, and pending appeal to the Criminal Court of Appeals, where the conviction was reversed, E. D. Wright published the article declared on, in which he attacked the county judge, county attorney, and others, claiming that the cause had been unwarrantedly brought by reason of ignorance of the law and ill will of said officials. The article asserted that one ruling made by the judge, to wit, that children of compulsory school age are required to attend six hours per day, would require the arrest and prosecution of 1,500 families having children of school age in the county; then proceeded as follows:

"And the first one to be arrested should be our honorable and intelligent county attorney. And the next should be Frank Nash and Sil Craig of Ringwood, who were apparently willing to swear to anything to stick me, whether I was guilty or not. Even Mr. Ross Stone gets in on this. And then think how much of these five and one-half hours the child is actually instructed in the average public school."

The words, "who were apparently willing to swear to anything to stick me, whether I was guilty or not," parenthetically inserted in the body of the article, formed the basis of plaintiff in error's action for libel. These words clearly referred to plaintiff in error's testimony in the prosecution of defendant in error in the county court. Taken literally, they charge only an apparent willingness to disregard the truth to effect the conviction of defendant in error; however, considering the looseness with which language is usually used, and the fact that the exact testimony was not before the public, they may have been taken by the average reader to charge a direct lie or perjury. This question was for the jury. Under either construction, we think the import falls within our statutory definition of libel, section 724, O. S. 1931. It was, therefore, the duty of the court to hold the words published libelous, not submitting this question to the jury as it did, entitling plaintiff in error to recover in the absence of a good defense. Its refusal to so hold under plaintiff in error's request is reversible error.

On the issue of liability, defendant in error, admitting publication, pleaded in defense only one ground—substantial truth of the import conveyed. Thereunder the court instructed the jury that "the truth of the article is always a defense," and that "if the defendant establishes the truth of the alleged libelous statement by fair preponderance of the evidence then plaintiff cannot recover, and your verdict should be for the defendant." The evidence in support of the plea of truth consisted solely in a transcript of plaintiff in error's testimony before the county court, from which it appears that, taking the literal interpretation of defendant in error's words given above, the jury might have found them true; however, there is no evidence showing truth if the words are given their alternative meaning. The issue should have been clarified to the jury and limited to its proper scope by instructing them as to the two possible interpretations, the sufficiency of evidence of truth on the one and the lack of it on the other.

More serious objection is taken to the instruction, because it treats truth as an absolute defense to an action for libel. It is contended that our statutory definition of civil libel, section 724, O. S. 1931, adopted from our criminal libel definition by the Revised Laws of 1910, states that, "Libel is a false or malicious unprivileged publication," etc., and so negatives the idea that falsity is essential. Decision of the point is unnecessary, for if we were to so decide, we find that the error in theory did not result in an erroneous instruction under the circumstances of this case, and was therefore harmless. Section 728, O. S. 1931, provides

that, "An injurious publication is presumed to have been malicious if no justifiable motive for making it is shown." The motive for the publication in the present case was undoubtedly self-vindication. Such motive is sufficient to raise an occasion of privilege under the law, even where the publication is false, if made in good faith. 17 R. C. L., Libel & Slander, p. 364. We think, then, that it must be considered as a "justifiable motive" under section 728, supra, where the charge made is in substance true. Of course, the publication was accompanied by anger, but if true, the anger was justified and anger alone is not an unjustifiable motive. Brown v. Hawkes (1891) 2 Q. B. 718. It follows that, the motive in fact not being disputable and its justifiableness being a question of law, under the circumstances of this case the court should properly have withheld from the jury determination of either of these questions and instructed them that truth, provided they construed the language literally so there was evidence of truth, was a complete defense, which is the exact effect of what the court did. Where error is harmless, it does not constitute ground for reversal. Oklahoma Civil Digest, vol. 1, Appeal & Error, sec. 266, cases cited.

The court in its first and second instructions submitted to the jury the pleadings in the cause, and told the jury that the burden was upon plaintiff in error to establish "all the material allegations contained in his petition upon which he seeks relief," among which was the allegation that the charges were false and malicious, thus instructing them that they must find the charges false **and** malicious. Thereafter, in its fifth instruction, the court gave, in part, the following:

"You are further instructed that if you find by a preponderance of the evidence that the statements were false and the defendant published them with a design and intent to injure the plaintiff, or because he was mad at the plaintiff for testifying against him in the case of the state of Oklahoma against Ed Wright; if that was the motive that induced the publication of said article, it would be malicious. * * *"

In its tenth instruction, in part, the following:

"You are further instructed that if you find by a preponderance of the evidence in this case that the publication of the article was malicious, and you find the plaintiff has been damaged as a result thereof, you

may fix the amount of his recovery at such sum as he may be entitled to recover, which shall be a sum not less than $100. * * *"

Plaintiff in error objected to the giving of these last two instructions, which, taken in connection with the first and second instructions as explanatory of them, constitute fundamental error in the theory of law governing libel, and the issues raised by the pleadings and evidence in this case. They stress the theory that the charges, if false, must in addition be malicious. Malice is emphatically no part of a plaintiff's cause of action for libel, and, as in this case, where no immunity is pleaded, if the published imputation meets the definition of libel and is not shown true, the cause is established. Sections 724, 727, and 728, O. S. 1931; Bigelow on Torts (8th Ed.) p. 301; Newell on Slander & Libel (4th Ed.) sec. 281, p. 317. Further, the former instruction improperly defines "malice" in one part as anger alone, and the latter requires that actual or "special" damages be shown, and so each is erroneous in this respect. Brown v. Hawkes, supra; and compare sections 724 and 725, O. S. 1931; then see Newell, Id., p. 834; Bigelow, Id., pp. 284-5, and Spencer Bower on Actionable Defamation (2d Ed.) p. 22. It is the duty of the trial court upon its own motion to correctly instruct the jury upon the issues made by the pleadings and the evidence, and the giving of incorrect instructions over the objections and exceptions of a party to the action, which were calculated to mislead the jury, constitutes reversible error. Bruner v. Engeles, 88 Okla. 277, 213 P. 307.

Exception was taken by plaintiff in error to the admission in evidence of the opinion and mandate of the Criminal Court of Appeals in the county court case (Wright v. State, 21 Okla. Cr. 430, 209 P. 179), predicating prejudice on the view that such opinion showed defendant in error herein to have been improperly prosecuted, thereby eliciting sympathy from the jury in this action. The opinion and mandate had no tendency to show truth of or justifiable motive for the charge made against plaintiff in error, and was, therefore, inadmissible.

For the reasons stated, this cause is reversed and remanded to the district court of Major county, Okla., with directions to set aside the verdict and judgment rendered, and grant the plaintiff in error a new trial and proceed consistently with the views herein expressed.