## CHICAGO, R. I. & P. R. CO. et al. v. MURPHY.

No. 28292.   Jan. 17, 1939.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

W. P. Morrison, A. L. Morrison, and Ray K. Bannister, for defendant in error.

WELCH, V. C. J. Plaintiff obtained a verdict and judgment for damages for personal injuries, and the defendants have appealed.

Only two questions are presented here: (1) "Did plaintiff assume the risk arising from the use of the motor car which he was operating at the time of the accident?" (2) "Did the trial court err in admitting in evidence the burnt motor car wheel?"

Defendants assert that plaintiff is barred from recovery because of the operation of the doctrine of assumption of risk.

The facts material to the first question presented are substantially as follows: On May 17, 1936, plaintiff was employed by the defendants and had been employed by them for some 18 years prior thereto. On that date and for several years prior thereto plaintiff was employed as a track inspector, being required to daily inspect the railway tracks of the defendants between Enid and El Reno, Okla. In the pursuit of his work he used a small motorcar on which he regularly traveled alone over his section of the track. On the date mentioned the motorcar was derailed and plaintiff received certain personal injuries. In the presentation of the questions submitted here, defendants in effect concede that the derailment was caused by the breaking down of a defective wheel on the motorcar, and that as a result thereof plaintiff sustained the injuries of which complaint is made.

The evidence further shows that under defendants' rules plaintiff had the exclusive possession of the motorcar and the use, care, control, and operation thereof, and that he was required thereby to personally inspect the machine each day and know that it was in a safe condition to operate. The wheel on the motorcar which broke down and caused the derailment was constructed of wood attached to the axle by metal fittings and fitted with a metal tire or rim. This metal tire was defective in that there was a hole therein and several cracks appeared in the metal of the tire radiating from this hole. The wooden portion of the wheel was also deteriorated from decay and use. This hole in the rim resulted in the wheel bumping and bouncing over the steel rail when the same was in operation, and it is not disputed that the continued pounding of the wheel contributed toward its breaking down.

The plaintiff knew the details above mentioned concerning the condition of the wheel about a week before the accident and reported the same to the defendants' motorcar inspector in El Reno. This inspector had charge of replacements and repairs on the motorcars belonging to the defendants, and plaintiff displayed the wheel to said inspector and advised him that in his opinion the same was dangerous and in a defective condition. Plaintiff explained to the inspector that he would like to have a new wheel, and the inspector suggested that the wheel had "lots of miles in it yet," and told plaintiff that he did not then have any wheels, but had some on requisition and that they ought to be there in a week or ten days and that when they arrived he would put a new wheel on. Plaintiff continued to use the motorcar in his daily inspection of the track without repair, and until the accident occurred.

From the briefs filed we observe no substantial differences of opinion regarding the applicable rules of law. They have heretofore been stated by this court in St. Louis-San Francisco Ry. Co. v. Henson, 118 Okla. 124, 247 P. 92, in paragraph 1 of the syllabus as follows:

"When an employee knows of the defect in certain machinery placed in his charge and appreciates the risk that is attributable to it, then if he continues in the employment without objection or without obtaining from the employer or his representative the assurance that the defects will be remedied, the employee assumes the risk, even though it arise out of the employer's breach of

duty. If, however, there be a promise of reparation, then during such time as may be reasonably required for its performance, or until the particular time specified for the performance, the employee, relying upon the promise, does not assume the risk unless at least the danger be so imminent that no ordinarily prudent man, under the circumstances, would rely upon such a promise."

And in Gulf, Colo. & Santa Fe Ry. Co. v. Scroggins, 161 Okla. 294, 18 P.2d 873, in paragraph 1 of the syllabus:

"Under the Federal Employers' Liability Act the law of the assumption of risk is that of the common law as it existed prior to the passage of said act, except where the common carrier violates the provisions of some statute enacted for the safety of its employees; and where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, the question of assumption of risk becomes one of law for the court."

Defendants say that plaintiff prior to the accident was aware of the alleged defect of this motorcar wheel; that he was duly and fully authorized and at liberty to cease using the motorcar at any time, and by reason thereof he assumed the responsibility of the use of the same, and that nothing occurred to operate to relieve him from the assumption of the risk. Plaintiff admits knowledge of the defective condition of the wheel, but says he is not subject herein to the rule of assumption of risk, because about a week prior to the accident the defendants promised to replace the wheel with a new wheel, and that, relying upon the promise, he continued to use the same until such time as the defendants might be in position to have it repaired, and that by reason thereof the assumption of risk shifts from plaintiff to defendants and rested upon defendants at the time of the accident.

In answer to that contention the defendants assert that plaintiff cannot invoke the rule concerning a promise on the part of an employer to remedy a defective appliance for the reason that the conversation with the motorcar inspector contained nothing that constituted an agreement between plaintiff and defendants that would relieve plaintiff from his assumption of risk, and that plaintiff was not induced to continue in the use of his motorcar by such conversation. They say, further, that the motorcar inspector had no authority over plaintiff in his employment or direction of his work.

It appears to be sufficiently established by the testimony that the motorcar inspector to whom plaintiff reported and displayed the condition of the wheel was the person employed by the defendants to repair such equipment and the person with sufficient, if not exclusive, authority at that point, to requisition new parts for replacements.

The evidence is sufficient to support the conclusion that the plaintiff complained to the proper department of the defendant railway company regarding the defective condition of the wheel, and that when plaintiff requested that a new wheel be placed upon his motorcar he was assured by the motorcar inspector that a new wheel would be furnished him within a short time. The testimony is such as to support the reasonable conclusion that the plaintiff continued to use the motorcar in its defective condition by reason of the promise of such motorcar inspector to remedy the same within a short time.

Defendants contend that the complaint regarding the condition of the wheel and the promise to repair same should have been addressed to and procured from plaintiff's superior officer, that is, one who had authority to unequivocally direct him in the discharge of his duties, and that the motorcar inspector did not have such authority. The fact remains that the motorcar inspector had the right and duty in the discharge of his duties to inspect and repair such equipment. The plaintiff reported the condition of the motorcar to the person and the department of the defendants' railway system who was authorized to inspect and repair the same, and an inspection on his part and a promise to repair, being well within the duties of his employment, would under the facts in this case be binding upon his employer. Great Northern Ry. Co. v. McDermid, 177 Fed. 105, and Home State Mining Co. v. Fullerton, 69 Fed. 923.

We conclude, therefore, that the facts herein do not justify the court in concluding as a matter of law that the plaintiff assumed the risk of the use of the defective equipment. The cause was properly submitted to the jury in this respect, and its findings of fact are conclusive.

Concerning the question of the admission of the rim of the defective wheel in evidence, the facts are that several months subsequent to the accident the plaintiff procured the metal tire of the wheel involved. It was recovered by him from a trash fire and the wooden disk had been completely consumed by fire so that the only thing introduced in evidence was the tire itself. The plaintiff testified that the tire was in the same condition it was in at the time of the inspection and at the time of the accident, except that it was smoked by reason of the fire, and of course was not attached to

the other portion of the wheel. The defect in the tire itself was one of the defects which it was alleged caused the accident, and it is our conclusion that the record does not support the contention that the same was not properly identified, or that the tire was not in substantially the same condition as it was at the time of the accident. We find nothing in the record which remotely indicates to us that the introduction of this tire in evidence was prejudicial to the rights of the defendants.

Finding no error, the judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.