EVLO REFINING & MARKETING CO. v. MOORE.

No. 30850. April 27, 1943.

Rehearing Denied June 8, 1943.

*137 P. 2d 911.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error.

C. E. Baldwin, of Tulsa, for defendant in error.

DAVISON, J. This is an action for damages for personal injuries. It was instituted in the district court of Tulsa county on August 21, 1941, by Marion S. Moore, as plaintiff, against the Evlo Refining & Marketing Company, as defendant. The cause was tried to a jury, resulting in a verdict and judgment for the plaintiff in the sum of $2,000.

The defendant presents the cause to this court, appearing herein as plaintiff in error. The order of appearance is thus reversed in this court. We shall continue to refer to the parties by their trial court designation.

In presenting the cause on appeal defendant complains of the sufficiency of the evidence to support the verdict and the failure of the trial court to instruct upon its theory of defense.

At the time of the occurrences hereinafter mentioned, the plaintiff was an employee of the defendant company. He lived and was employed in Tulsa. His principal duty as such employee was to deliver gasoline to a number of filling stations supplied and supervised by the defendant. In addition to the delivery of gasoline the plaintiff on occasion, at the request of his employer, made "check ups" or investigations of the filling stations.

On the 2d day of June, 1941, the plaintiff, after having performed his task of delivering gasoline, was requested to "check" one of the supervised filling stations. The station in question was located at Dawson, a small town near Tulsa. He drove to the town in an automobile and spent several hours "watching" the station. He then started home. On his return trip he ran into a bridge. The collision resulted in serious injury to himself and greatly damaged the automobile he was driving. No question is presented in this litigation challenging the sufficiency of the injury to support the verdict. The question is whether the cause of the injury was such as to render the employer liable.

In his petition as filed at the commencement of the action, plaintiff asserted that he "fell asleep and ran into a culvert." He sought to charge the defendant with responsibility for the accident because of the prolonged working period created by it. The petition was verified.

On October 21, 1941, the deposition of the plaintiff was taken in which he was asked the following question: "Did anything except your sleepiness really have anything to do with this accident, Mr. Moore?" He gave the following answer: "Not that I know of."

In the meantime a demurrer had been filed to plaintiff's original petition. No formal action was taken on the demurrer. On September 23, 1941, while the case was pending, plaintiff filed an unverified petition in which it was asserted in substance that the collision with the bridge was due to a defective condition of the "steering apparatus and or brakes" of the automobile which, it was asserted, caused the car to swerve into the bridge when plaintiff attempted to diminish his speed as he approached it; that the automobile had been purchased by the plaintiff with the help of the defendant and with the understanding that plaintiff would use the same when occasion required in the performance of the defendant's business; and that the defendant had agreed, and thus assumed the duty, to keep the automobile in repair. It was also asserted that this duty had been breached by the defendant by failure to repair the automobile after plaintiff had notified it of the defective condition which subsequently resulted in the collision with the bridge. The plaintiff proceeded on the theory that the defendant's failure to repair was unknown by him prior to the trip when he had the collision.

It developed in this connection that the plaintiff drove the car to work and left the same where it would be available for repair while he was delivering gasoline.

The defendant in its answer asserted as one of its defenses that the collision was due entirely to the plaintiff falling asleep and running into the bridge. If this were true, it was a good defense even though the employee had exceeded his physical limitations while engaged in his master's business and as a result of his continued efforts became drowsy, since he was in a position to desist from further efforts when his limit had been reached. See Warden-Pullen Coal Co. v. Wallace, 176 Okla. 604, 56 P. 2d 802.

On the trial of the case and in this court on appeal, the plaintiff prosecuted his case upon the theory forecast by his amended petition as above indicated and stated this in his brief in the following manner:

"It is the plaintiff's contention that this accident may have been caused either by defective brakes improperly adjusted, or a defective steering wheel which may not have been properly greased, and that the jury had a right to conclude from the testimony that either one or both of said causes was or could have been the proximate cause of the accident. . . ."

The testimony of the plaintiff supported the allegations of his amended petition and in substance corresponded thereto on material points.

The defendant relied upon the statements of the plaintiff as contained in his verified petition first filed and as contained in his deposition that he ran into the bridge while asleep at the wheel. The right of the defendant to use these statements for impeachment purposes and as admissions against interest is not herein challenged.

Defendant urges that there was an absence of promise by the employer to repair, and asserts that the absence of such a promise absolves it from liability. Earl v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okla. 100, 101 P. 2d 249; Chicago, R. I. & P. Ry. Co. v. Murphy, 184 Okla. 240, 86 P. 2d 629; St. Louis-San Francisco Ry. Co. v. Henson, 118 Okla. 124, 247 P. 92. We do not so interpret plaintiff's testimony. He relies upon a continuing unrescinded agreement including a promise to keep in repair.

The testimony of the plaintiff was sufficient to support his recovery, but his prior statements were sufficient to defeat it. On this latter aspect of the case the jury was not properly advised by the trial court in its instructions.

It is the duty of the trial court on its own motion and without specific request to instruct on the decisive issues made by the pleadings. McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143; Craig v. Wright, 169 Okla. 245, 43 P. 2d 1017; Muskogee Transfer & Storage Co. v. Ward, 150 Okla. 58, 300 P. 648.

An examination of the trial court's instructions in this case discloses a failure to instruct on defendant's theory that the collision with the bridge was due to plaintiff's being asleep while driving. A requested instruction was submitted on the point, but since the instruction dealt with a substantial issue as distinguished from a phase of issue (see Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P. 2d 843), the duty to instruct on the issue rested on the trial court independent of the request, and it is therefore not appropriate in this appeal that we analyze the requested instruction to determine whether it accurately stated the law and should have been given as requested.

The cause is reversed and remanded for a new trial.

GIBSON, V. C. J., and RILEY, BAYLESS, and WELCH, JJ., concur. CORN, C. J., and HURST and ARNOLD, JJ., dissent. OSBORN, J., absent.