**PHILLIPS v. BARKER et al.**

No. 35711.

Supreme Court of Oklahoma.

April 13, 1954.

Lon Kile, Hugo, John Allen Phillips, Durant, for plaintiff in error.

Paul & McPheron, Durant, for defendants in error.

WILLIAMS, Justice.

The facts giving rise to this cause of action are as follows:

In 1947 Winifred W. Ward was the owner of certain lots in Durant, Oklahoma, on which he constructed a home. The windows of the house were not of standard size, but were exceptionally long and wide. In October, 1947, Mr. Ward purchased some Venetian blinds for the house. The blinds were specially cut for the windows in the Ward home; they could not be used on any other windows of standard size, and they were affixed to the windows by screws.

In January, 1948, Mr. Ward purchased some carpeting and a pad to be laid on certain floors in the house. The carpeting was cut to fit the respective rooms and covered the floor from wall to wall. It was tacked to the floor and a base shoe molding called "quarter round" was nailed over it around the edges.

In February, 1948, Mr. Ward obtained a loan from a bank in Durant and he and his wife, Virginia Inez Ward, executed a real estate mortgage covering the home property, as security for the loan. The mortgage was thereafter assigned to an insurance company, and upon default in the payments by the Wards, the insurance company brought an action for foreclosure of the mortgage, obtaining judgment therefor in February, 1951. The premises were sold at judicial sale, and John Allen Phillips II, plaintiff herein, was the purchaser at the sale. A sheriff's deed was issued to him.

Sometime thereafter a dispute arose between the Wards and Phillips as to the ownership of the blinds and carpeting referred to above. Phillips contended that they became a part of the realty by annexation thereto, were covered by the real estate mortgage, and therefore now belonged to him by virtue of the foreclosure sale. The Wards contended that the blinds and carpeting remained chattel property, were not covered by the real estate mortgage, and that title thereto remained in them.

After this dispute arose, Mr. Phillips obtained a temporary restraining order, restraining the Wards from removing the blinds and carpeting from the house. An answer to the application for restraining order has been filed but no further proceedings have been had, and it is apparently still pending. The order was duly served upon the Wards in April, 1951. At the same time a writ of assistance was served upon the Wards, which writ directed the Sheriff to place Phillips in full possession of the property. The writ was not fully executed at that time, however, because Phillips agreed that the Wards might have ten days in which to move.

At the expiration of the period agreed upon, Phillips obtained another writ of assistance which was served on the Wards, who still refused to move and still claimed the blinds and carpeting. After conferring with the county attorney, and upon the advice of the county attorney, the Sheriff had the blinds and carpeting removed from the house and placed in storage, pending a determination in the injunction proceedings previously referred to as to who were the owners of the blinds and carpeting. He then put Mr. Phillips in possession of the house.

Phillips thereafter filed the instant action against the Sheriff, the surety on his bond, and the undersheriff, for damages for the wrongful removal of the carpeting and blinds. The jury returned a verdict for defendants, and plaintiff has appealed, arguing the alleged errors under twelve propositions. Since this case must be reversed and remanded, we will discuss only those hereinafter noted.

From the statement of facts above, it is obvious that the main and controlling issue herein is the question of who owns the blinds and carpeting concerned. If the Wards own them, then Phillips is certainly not entitled to damages for their removal from the house he bought; on the other hand, if Phillips owns them, then he is entitled to damages (if he suffered any) from the sheriff who removed them from the house without authority of law.

Plaintiff contends that the court, by his oral remarks to the jury during the course of the trial, and also by his instruction number five, took from the jury this controlling issue of fact, and this contention must be sustained. The remarks concerned included the following:

"* * * The other case that they kept mentioning there is or has reference to who is the owner of the rugs and venetian blinds—that is another case pending in this court and it is not at issue in this case at all. *We won't have to decide that. That will be up to some other jury and judge.*" (Emphasis supplied.)

Instruction number five was as follows:

"You are further instructed that if you find and believe from the evidence, by a fair preponderance thereof, that the real estate and the buildings involved herein were not damaged by the removal of said carpeting and blinds and that the same can be replaced and restored to the same condition and situation that they were in prior to their removal *when the court determines who is the rightful owner* of said blinds and carpeting then it would be your duty to find for the defendants and each of them.

"In this connection, you are advised that there is pending in the District Court of Bryan County, Oklahoma, a case, the files of which have been introduced herein, *to determine who is the rightful owner* of said property." (Emphasis supplied.)

■ It is undenied that the sheriff removed the carpeting and blinds from the house, and no authority whatsoever was shown for such action. He had in his possession at the time a writ of assistance which commanded him to place plaintiff in possession of the house. It was his duty to comply with that writ. It did not authorize him to remove the blinds and carpeting from the house and hold them in storage. See 57 C.J. Sheriffs and Constables, sec. 256, which reads in part:

"An officer who, without any process, seizes property against the protest of the owner, is liable therefor, although he believed that his act was authorized; * * *" See also 80 C.J.S., Sheriffs and Constables, § 64.

The same general effect is 47 Am.Jur. page 864. See also Pappe v. Law, 169 Okl. 15, 35 P.2d 941, 943, 95 A.L.R. 939,

wherein the court said in the body of the opinion:

"* * * The sheriff cannot set himself up as a court of review to determine the legality and validity of a writ regular upon its face. He is a ministerial, not a judicial, officer, and must execute all orders or process of the court regular and valid upon its face."

In Hodgson v. Hatfield, 112 Okl. 134, 240 P. 69, we find the following:

"The sheriff owes a duty to the public in all matters of his office where the public is directly interested, and also a duty to the individual in any matter the individual is directly interested in, and for the violation of either duty, resulting in damages, is liable on his official bond."

■ The trial court apparently took the position that the instant action should be abated at least insofar as ownership of the blinds and carpeting was concerned in view of the pending proceeding for a restraining order. Such is not the case.

See 1 C.J.S., Abatement and Revival, § 41, which reads in part:

"An action may be abated on the ground of another action pending, ordinarily, only where the relief sought in both actions is the same."

See also 1 C.J.S., Abatement and Revival, § 43, which reads in part with regard to identity of causes of action:

"The causes of action are the same only where the relief sought in the second action may be fully obtained in the prior action."

The general rule is as expressed in 1 C.J.S., Abatement and Revival, § 17:

"Pendency of a prior action for the same cause of action between the same parties ordinarily is a ground for abating one of the actions."

These general rules obtain in this jurisdiction. See Burks v. American Nat. Bank of Tulsa, 89 Okl. 62, 213 P. 301; Lyons v. Lyons, 185 Okl. 70, 90 P.2d 391.

In the cases here concerned, the prior action (for restraining order) was not be-

tween the same parties as the action for damages against the sheriff and his sureties, and the relief sought was not the same.

It is well settled that a trial judge must, upon his own motion, instruct correctly upon the fundamental issues made up by the pleadings and the evidence, and that failure so to do is reversible error. Liberty Nat. Bank of Weatherford v. Semkoff, 184 Okl. 18, 84 P.2d 438; City of Altus v. Martin, 185 Okl. 446, 94 P.2d 1; Evlo Refining & Marketing Co. v. Moore, 192 Okl. 576, 137 P.2d 911. Since the giving of instruction number five in the instant case had the effect of taking from the jury the main and decisive issue involved, plaintiff is entitled to a new trial.

The judgment is reversed and remanded for further proceedings not inconsistent herewith.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, ARNOLD and O'NEAL, JJ., concur.

BLACKBIRD, J., concurs in conclusion.

CORN, J., dissents.