Dear Honorable Taylor,
The Attorney General has received your request for an official opinion asking, in effect:
 May a business entity bar, physically, a sheriff or his deputy from entering on its property in order to execute process upon an employee of that business?
There are no statutes in Oklahoma which enumerate where the sheriff may or may not go in order to execute process. Title 12 O.S. 2 (1981) provides that the common law remains in effect except where modified by statutes or judicial decision. It is, therefore, necessary to examine the powers the sheriff held at common law in order to determine what powers the modern day sheriff possesses regarding execution of process. Since there are no statutes or judicial decisions which modify or derogate the common law as to execution of process by sheriffs, at least in regard toplaces of business, the common law is in effect. Therefore, in Oklahoma, the sheriff is essentially a common law officer. "From the very title and by virtue of occupying the office of sheriff it carries with it all the common law powers and duties, except as modified by the State Constitutions and by statutes." W. H. Anderson, Anderson on Sheriffs, 44, p. 37 (1st ed., 1941).
As to the powers and duties of the sheriff at common law, Anderson onSheriffs, supra at 6, p. 4, states that "It is not only the power, but the duty, of sheriffs in their various jurisdictions . . . to execute all process directed to [them] . . . and [to] carry out the mandates, orders and directions of the courts." It is clear then that at common law, a part of the duties of the office of sheriff was to execute process when directed to do so by a court. These common law duties of the sheriff were essentially codified in the Oklahoma statutes at 19 O.S. 514 (1981), which states:
 "The sheriff in person, or by his undersheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county."
It should be noted that force is generally not authorized to be used in the execution of process, whether at a business or at a dwelling. At common law, a dwelling house could not be forcibly entered in order to serve civil process. This is still the general rule.
 "The maxim that a man's house is his castle, pursuant to which the common law denies an officer the right to forcibly enter a man's dwelling for the purpose of serving civil process, does not include buildings not occupied as a dwelling. Clearly, the privilege does not extend to a store or barn disconnected from the dwelling and forming no part of the curtilage. Neither is a garage, barn, or outhouse adjoining to and parcel of the house, or within the curtilage, within the protection of the rule, but a request must first be made for admittance." 62 Am.Jur. 2d, Process, 61 (1972).
Further, in the execution of process, force should not be used except in the situation where there is clear, statutory authority for the use of force. This opinion deals only with where a sheriff or his deputy may go in the execution of process, and not whether force may be used in a given situation. The use of force is a question which involves both legal and factual questions not within the scope of this opinion.
The question then becomes whether the execution of process affords the sheriff the authority to enter upon private business property in order to execute process. If it does not, then the sheriff is merely a trespasser with no more authority to go on to private business property than an ordinary citizen.
In the early case of Belk v. Broadbent, 3 T.R. 183 (Great Britain 1789), a sheriff was sued for trespass in executing process which required that the person to whom the writ was directed be arrested and held until he posted bail or satisfied the judgment taken against him upon which the writ was based. The court, by Lord Kenyon, in dismissing the trespass, stated that "it is incomprehensible to say that a person shall be considered as a trespasser who acts under the process of the court."
In the early Oklahoma case of Knisley v. Ham, 136 P.427 (Okla. 1913), a deputy sheriff was sued in trespass after serving a search warrant at the plaintiff's residence. The court stated that "by the great weight of authority, a ministerial officer is protected by his warrant, which he is duty bound to execute, even if he knows that it has been irregularly or improperly issued." Knisley, supra at 429. It has also been held in Oklahoma that the sheriff is a ministerial officer and not a judicial officer and that he must execute any order of the court which is regular and valid on its face. Pappe v. Law, 35 P.2d 941 (Okla. 1934). The Court in Knisley cited Belk, supra, for the premise that an officer who is armed with process, regular and valid on its face, must serve the process, i.e., it is not a matter of discretion with the sheriff, but an absolute duty which the sheriff must perform.
In an Attorney General Opinion issued on July 27, 1949, to Mr. Charles F. Burns, County Attorney, Miami, Oklahoma, the identical question regarding execution of process on a person at his place of employment was addressed. It was the opinion of the Attorney General that "the sheriff, or his deputies, to whom process has been delivered for service is authorized to serve such process upon the person to whom same may be directed and may do so while such person is at work within the place of business of a private employer, even though such service may be contrary to the wishes of such employer."
It, therefore, appears under the foregoing authorities that a sheriff or his deputy who is armed with process is afforded protection under the law so that he is not considered a trespasser when he enters on private business property in order to execute process. To opine otherwise would be to render the sheriff incapable of carrying out his duties as required by 19 O.S. 514 (1981).
As stated above, a sheriff or his deputy is not authorized to use force in the execution of process unless there is specific statutory authority to do so. However, under 21 O.S. 540 (1981), any person who intentionally or willfully obstructs a public officer in the discharge of his duties, which would include execution of process, is in violation of the foregoing statute. Since the sheriff is not authorized generally to use force in the execution of process, resort should be had to this statute. Whether a particular situation is in violation of this statute is a question of fact which cannot be addressed in this opinion.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. By virtue of common law rules and 19 O.S. 514 (1981), a sheriff or his deputy is authorized to enter onto private property used for business purposes in order to execute process of law issued to him by lawful authority, and a private company in Oklahoma has no authority to bar, physically, a sheriff or his deputy from coming on its property; and
 2. Since a sheriff or his deputy is not generally authorized to use force in the execution of process, resort should be had to 21 O.S. 1981, 540, which makes it a crime to willfully or intentionally obstruct a public officer from carrying out his duties. Whether a particular situation is a violation of 21 O.S. 540 (1981) is a question of fact which cannot be addressed in an Attorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN A. LAMIRAND, ASSISTANT ATTORNEY GENERAL